**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF GEORGIA**

IN RE:

**Addie Mae Simmons**
  *Debtor.*

**CHAPTER 13
CASE NO. 15-10291**

_____

**Adrian Leeks as Administrator of the
Estate of Addie Mae Simmons, deceased,**

  *Movant,*

**vs.**

**Wilmington Savings Fund, FSB d/b/a
Christiana Trust as Trustee for PNPMS Trust II**

  *Respondent.*

### NOTICE OF HEARING ON MOTION TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM

Notice is hereby given that the above-referenced Debtor has filed a motion to determine the value of security and creditor's allowed secured claim.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

If you do not want the court to reopen the case or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response on or before **April 15, 2022**, pursuant to FRBP 9006(f). If you are receiving this notice by mail, you may add 3 days to the response date stated above. The objection or response should be sent to:

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P.O. Box 2147
Columbus, Georgia 31902
706-649-7837

If an objection or response is filed, a hearing on the motion shall be held on:

**May 10, 2022 at 2:00 p.m. at the C.B. King U.S. Courthouse
201 Broad Avenue, Albany, Georgia 31701**

**Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" on the Court's website (www.gamb.uscourts.gov) and refer to Administrative Orders 137 and 139 prior to the hearing for instructions on whether to appear in person or by phone.**

If you mail your response or objection to the court for filing, you shall send it early enough, so the court will receive the objection or response on or before the response date stated above.

Any response or objection shall also be served to the Debtor(s) attorney SHELBA D. SELLERS, Attorney at Law, P.O. Box 1157, Thomasville GA 31799.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.

This notice is sent by the undersigned pursuant to LBR 9004-1 and 9007-1.

Dated this 25th day of March, 2022.

/s/ *Shelba D. Sellers*
Shelba D. Sellers
GA Bar No.: 635510
Attorney for Debtors
Sellers & Mitchell, P.C.
P.O. Box 1157
Thomasville, GA 31799
(229) 226-9888
shelba_sellers@yahoo.com

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF GEORGIA**

**IN RE:**

**Addie Mae Simmons**
    *Debtor.*

**CHAPTER 13
CASE NO. 15-10291**

_____

**Adrian Leeks as Administrator of the
Estate of Addie Mae Simmons, deceased,**

    *Movant,*

**vs.**

**Wilmington Savings Fund, FSB d/b/a
Christiana Trust as Trustee for PNPMS Trust II**

    *Respondent.*

**MOTION TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S
ALLOWED SECURED CLAIM**

    **COMES NOW** the Movant, Adrian Leeks, as administrator of the Estate of the Debtor, Addie Mae Simmons, and pursuant to the provisions of 11 U.S.C. § 506 (a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure and brings this motion to determine the value of the interest of the Respondent in the residential real estate of the Debtor and determine the amount of the allowed secured claim of the Respondent.

**Jurisdiction**

**1.**

    This Court has jurisdiction over this proceeding because it arises under the Bankruptcy Code and it concerns property of the Debtor, pursuant to 20 U.S.C. Section 1334. This is a core proceeding. Movant does consent to entry of final orders or judgment by the bankruptcy court.

**2.**

The Debtor, Addie Mae Simmons, died on October 15, 2019. The Movant, Adrian Leeks, was appointed Administrator of the Estate of Addie Mae Simmons on September 15, 2021. Adrian Leeks, as the personal representative of the Debtor's estate, has standing to file this motion.

**Factual Allegations**

**3.**

The underlying Chapter 13 bankruptcy case was commenced by the filing of a Voluntary Petition with the Clerk of this Court on March 10, 2015.

**4.**

The 341 (a) Meeting of Creditors was held on April 20, 2015, in Valdosta, Georgia.

**5.**

On April 14, 2015, the Respondent, Real Time Resolution Inc Agent for CVI Loan GT Trust I, hereinafter, referred to as Real Time Resolution, filed a Proof of Claim in the amount of $17,423.37. On March 19, 2015, the Debtor filed a Chapter 13 Plan that showed this debt would be treated as an unsecured debt as the value of the real property did not exceed the amount owed to the first mortgage holder.

**6.**

The Movant alleges that at the time the Debtor filed her bankruptcy petition, and at the present time, the value of the Debtor's interest in the real property located at 336 Crescent Circle SW, Cairo, Georgia, was and is approximately $44,344.00.

**7.**

The Movant's interest in the real estate is subject to a first lien arising out of a mortgage in favor of Carrington Mortgage Services fka CitiFinancial, in the amount of Fifty-Eight Thousand

Three Hundred Forty Dollars and Forty-Six Cents ($58,340.46).

**8.**

The Movant's interest in the real estate is subject to a second lien arising out of a mortgage in favor of Respondent, Wilmington Savings Fund, FSB d/b/a Christiana Trust as Trustee for PNPMS Trust II, in the amount of Seventeen Thousand Four Hundred Twenty-Three Dollars and Thirty-Seven Cents ($17,423.37) as recorded in Deed Book 664 Page 158 in the Deed Records of the Office of the Clerk of Court of Grady County, Georgia.

**9.**

The lien securing the second mortgage of Wilmington, is junior to the first mortgage listed above.

**10.**

The Movant alleges that a sale of the property in the depressed real estate market, on the date of the filing of the Chapter 13 case, would not yield more than the amount of the first mortgage. Therefore, Respondent is totally unsecured as to the second mortgage.

**11.**

Pursuant to 11 U.S.C. § 506 (a), the Respondent has no allowable secured claim regarding the claim for the second mortgage on the subject real estate.

**12.**

Pursuant to the previous Order of this Court dated June 30, 2015 the Claim of the Respondent for the second mortgage is allowable as an unsecured claim.

**13.**

Plaintiff's Schedules and Claims filed show that Plaintiff/Debtor was a legal title owner and an equitable title owner having owned the property, resided upon the property, paid taxes, paid the

insurance through the escrow, which is reflected in the first mortgage-holder's proof of claim, and has made all payments on both the first mortgage during the case, and the second mortgage until filing the Chapter 13 case. In fact, Defendant's mortgage servicer recognizes Addie Mae Simmons as a co-owner with Curtis Garland according to their own notices mailed out after discharge.

**14.**

As the original second mortgage creditor Greentree, Defendant's predecessor, filed a claim acknowledging the "charged off" status of the second mortgage, there were no issues with proper notice to the creditor prior to confirmation, which is binding on all parties and subject to the doctrine of res judicata. By filing a claim, the creditor subjected itself to the jurisdiction of the Court and recognized Debtor's legal and equitable title ownership to the property. No payments were made to the creditor during the case, and no Motion for Relief was filed by the creditor during the case or prior to plan completion to dispute the creditor's treatment or lack of payments. There is no dispute as to value or debt owed.

**WHEREFORE,** the Movant respectfully prays of the Court as follows:

(1) That this Court determine that Respondent has no secured interest for the loan secured by the second deed of trust on the real estate of the Debtor;

(2) That this Court order the Respondent to cancel the second mortgage lien on the residential real estate of the debtors pursuant to 11 U.S.C. § 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtor within 20 days from the date of entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

(3) That this Court direct the Trustee that any timely filed Proof of Claim of the

    Respondent for the second mortgage lien be treated as an unsecured claim under the plan;

(4) That the Movant has such other and further relief as the Court may deem just and proper.

    **RESPECTFULLY SUBMITTED,** this the 25th day of March, 2022.

| | |
|---|---|
| */s/ Mark E. Mitchell* | */s/ Shelba D. Sellers* |
| MARK E. MITCHELL | SHELBA D. SELLERS |
| Georgia Bar No. 513405 | Georgia Bar No.635510 |
| 106 Euclid Drive | 106 Euclid Drive |
| P.O. Box 1157 | P.O. Box 1157 |
| Thomasville, GA 31799 | Thomasville, GA 31799 |
| (229) 226-9888 | (229) 226-9888 |
| Fax: (229) 226-1100 | Fax (229) 226-1100 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing document upon the following parties either by electronic notice, for those requesting such service, or by placing proper postage thereon and depositing in the United States mail to guarantee delivery of same.

**Jonathan W. DeLoach**
**Office of The Chapter 13 Trustee**
**P.O. Box 1907**
**Columbus, GA 31902**

**Bret Chaness**
**Rubin Lublin, LLC**
**3140 Avalon Ridge Place, Suite 100**
**Peachtree Corners, GA 30071**

Dated this 25th day of March, 2022.

*/s/ Shelba D. Sellers*
Shelba D. Sellers
GA Bar No.: 635510
Attorney for Debtors
Sellers & Mitchell, P.C.
P.O. Box 1157
Thomasville, GA 31799
(229) 226-9888
shelba_sellers@yahoo.com