**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| IN RE:<br><br>ADDIE MAE SIMMONS,<br><br>    Debtor. | Case No. 15-10291<br>Chapter 13 |
| ADRIAN LEEKS, AS ADMINISTRATIOR OF THE ESTATE OF ADDIE MAE SIMMONS,<br><br>    Movant,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST II,<br><br>    Respondent. | **CONTESTED MATTER** |

## AMENDED WILMINGTON'S RESPONSE TO MOTION TO DETERMINBE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM

COMES NOW, Wilmington Savings Fund, FSB d/b/a Christiana Trust as Trustee for PNPMS Trust II ("Wilmington"), and files this to the Motion to Determine the Value of Security and Creditor's Allowed Secured Claim [Doc. 85] (the "Motion"), respectfully showing this Honorable Court as follows:

1.    On March 25, 2022, Adrian Leeks, as Administrator for the Estate of Addie Mae Simmons ("Leeks") filed the Motion. In the Motion, Leeks is seeking to strip a second position security deed currently held by Wilmington on the basis that there is no equity in the subject property above the amount of the first position security deed. *See* [Doc. 85] at ¶¶ 8-10. As such,

1

Leeks contends that "[p]ursuant to 11 U.S.C. § 506(a), the Respondent has no allowable secured claim regarding the claim for the second mortgage on the subject real estate." *Id.* at ¶ 11.

2.      The subject property is 336 Crescent Circle SW, Cairo, Georgia (the "Property"). *Id.* at ¶ 6.

3.      The Motion is improper because a lien cannot be stripped off by motion. "The appropriate method to seek adjudication of the validity of a lien is an adversary proceeding under Bankruptcy Rule 7001(2)." *Smith v. HSBC Bank. N.A.*, 616 B.R. 438, 446 (S.D. Ga. 2020) (citing *In re Smith*, 514 B.R. 331, 338 (Bankr. S.D. Ga. 2014)). It is curious that Leeks has brought this matter to the Court by motion in the main case rather than by adversary, since a prior adversary seeking the same relief was filed and dismissed without prejudice since it was filed in the name of the deceased Debtor. *See Simmons v. Wilmington Saving Fund Society, FSB (In re Simmons)*, No. 21-1001-AEC [Doc. 46] (Bankr. M.D. Ga. March 21, 2022). Rather than refiling a subsequent adversary proceeding with Leeks as the Plaintiff, the instant Motion followed. The Motion should be denied and Leeks be required to seek this relief through an adversary proceeding.

4.      However, regardless of the procedural mechanism that Leeks tries to use, she is not entitled to any relief. Under 11 U.S.C. § 506(a), secured claims are measured with respect to "the extent of the value of such creditor's interest in the **estate's interest in such property** . . ." (emphasis added). *See also, e.g., In re Harris*, 494 B.R. 215 (Bankr. M.D. Penn. 2013) (lien cannot be completely stripped as to portion encumbering property of non-debtor). As will be shown herein, the estate does not have any interest in the Property, and even if it did, Wilmington's security deed does not encumber that interest.

5.      A full abstract of title as of February 27, 2021, is attached hereto as **Exhibit "A"**.

6.      Within the abstract of title, it is seen that Debtor Addie Mae Simmons obtained

title to the Property on June 21, 1995, via Quitclaim Deed from Bobby Simmons, Terry

Simmons, and Cynthia Adams (the "1995 Quitclaim Deed"). The 1995 Quitclaim Deed was

recorded in Book 363, Page 87, Grady County, Georgia records. A true and correct copy of the

1995 Quitclaim Deed is attached hereto as **Exhibit "B"**.

7.      On June 26, 1995, the Debtor conveyed an undivided one-half interest to Curtis

Garland via Warranty Deed of Gift (the "Gift Deed"). The Gift Deed was recorded on July 3,

1995, in Book 363, Page 88, Grady County, Georgia records. A true and correct copy of the Gift

Deed is attached hereto as **Exhibit "C"**.

8.      On April 10, 2000, the Property was sold at a tax sale conducted by the City

Marshall of Cairo, where Terry Prince was the high bidder for $3,000.00. The Property was

conveyed to Mr. Prince via City Marshall Tax Deed recorded in Book 507, Page 333, Grady

County, Georgia records (the "Tax Deed"). A true and correct copy of the Tax Deed is attached

hereto as **Exhibit "D"**.

9.      On December 19, 2000, Terry Prince conveyed the Property back to Curtis

Garland *only* via Quitclaim Deed (the "Redemption Deed"). The Redemption Deed states that a

lienholder, First Family Financial Services of Georgia, Inc., paid the redemption amount to Mr.

Prince. The Redemption Deed was recorded in Book 513, Page 411, Grady County, Georgia

records. A true and correct copy of the Redemption Deed is attached hereto as **Exhibit "E"**.

10.      The security deed currently held by Wilmington was executed *only* by Curtis

Garland, originally in favor of Citifinancial Services, Inc. on November 27, 2007, and recorded

on November 30, 2007, in Book 664, Page 158, Grady County, Georgia records (the "2007

Security Deed"). A true and correct copy of the 2007 Security Deed is attached hereto as **Exhibit "F"**.

11.    This title history shows that the Debtor had no recorded interest in the Property as of the petition date and, even if she did, she did not sign the 2007 Security Deed, so any interest she has would not be encumbered by it.

WHERFORE, Wilmington respectfully requests that this Court inquire into the matters raised herein and deny the Motion.

Respectfully submitted, this 12th day of April, 2022.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com

*Attorney for Wilmington Savings Fund, FSB d/b/a*
*Christiana Trust as Trustee for PNPMS Trust II*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of April, 2022, I caused the within and foregoing to be filed by CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

EXHIBIT A



| Title Order Number: | Full Title |
|---|---|
| Search Type: | Full Title |

**Title Vested In:**

| RTV: | Curtis Garland |
|---|---|
| Book: | 513 | Page: | 411 |

**PROPERTY TAXES:**

County:

| Map and Parcel Number: | C15-17 | Additional Year(s) Due: | |
|---|---|---|---|
| Year Paid Through: | | | |
| Year Due For: | 2020 | Additional Year(s) Amount Due: | |
| Amount Due/Paid: | $631.53 Due | | |
| Due Date: | 12/20/2020 | | |

| Mobile home present (Y/N): | N |
|---|---|
| If yes, VIN Number: | |

This informational report has been prepared for the exclusive use of this client. This property report is not intended and should not be considered as any form of title guaranty, attorney opinion or title insurance. Maximum liability for errors and omissions shall not exceed the fee paid for this property report.

**a360inc**™
Technology | Outsourcing | Consulting

**TITLE CHAIN:** *Add additional pages if necessary*

| Means of Conveyance (WD, LWD, QCD, Ex Deed): | Quitclaim Deed | | |
|---|---|---|---|
| Grantor: | Terry Prince | | |
| Grantee: | Curtis Garland | | |
| Book: | 513 | Page: 411 | Date: 12/19/2000 |

| Means of Conveyance (WD, LWD, QCD, Ex Deed): | City Marshall Tax Deed | | |
|---|---|---|---|
| Grantor: | Keith P. Sandefur, Jr. | | |
| Grantee: | Addie Simmons and Curtis Garland | | |
| Book: | 507 | Page: 333 | Date: 07/14/2000 |

| Means of Conveyance (WD, LWD, QCD, Ex Deed): | Warranty Deed of Gift | | |
|---|---|---|---|
| Grantor: | Addie Simmons | | |
| Grantee: | Curtis Garland | | |
| Book: | 363 | Page: 88 | Date: 07/03/1995 |

| Means of Conveyance (WD, LWD, QCD, Ex Deed): | Quitclaim Deed | | |
|---|---|---|---|
| Grantor: | Bobby Simmons, Terry Simmons and Cynthia Adams | | |
| Grantee: | Addie Simmons | | |
| Book: | 363 | Page: 87 | Date: 07/03/1995 |

| Means of Conveyance (WD, LWD, QCD, Ex Deed): | Warranty Deed | | |
|---|---|---|---|
| Grantor: | Bracewell Homes Corporation | | |
| Grantee: | Roberta M. Simmons | | |
| Book: | 153 | Page: 570 | Date: 01/09/1976 |

This informational report has been prepared for the exclusive use of this client. This property report is not intended and should not be considered as any form of title guaranty, attorney opinion or title insurance. Maximum liability for errors and omissions shall not exceed the fee paid for this property report.



| Means of Conveyance (WD, LWD, QCD, Ex Deed): | Warranty Deed | | |
|---|---|---|---|
| Grantor: | P & B Builders, Inc. | | |
| Grantee: | Bracewell Homes Corporation | | |
| Book: | 153 | Page: 580 | Date: 07/17/1975 |

| Means of Conveyance (WD, LWD, QCD, Ex Deed): | Warranty Deed | | |
|---|---|---|---|
| Grantor: | Jack Tyson | | |
| Grantee: | P & B Builders, Inc., a Georgia Corporation | | |
| Book: | 136 | Page: 717 | Date: 08/02/1972 |

This informational report has been prepared for the exclusive use of this client. This property report is not intended and should not be considered as any form of title guaranty, attorney opinion or title insurance. Maximum liability for errors and omissions shall not exceed the fee paid for this property report.



## SECURITY DEEDS/DEEDS OF TRUST/MORTGAGES:

(List in Current Lien Position)

| | |
|---|---|
| Type: | Deed to Secure Debt |
| From: | Curtis Garland |
| To: | First Family Financial Services of Georgia Inc |

| Executed: | 12/18/2000 | Recorded: | 12/19/2000 | Amount: | $60,016.71 |
|---|---|---|---|---|---|
| Book: | 513 | | Page: | 412 | |
| Notes: | | | | | |

| Date Book/Page Re-recorded | | Date Book/Page Modified: | |
|---|---|---|---|
| Last Assigned To: | Atlantica, LLC | | |
| Assignment Dated: | 11/20/2020 | Recorded: | 01/04/2021 |
| Book/Instr. Number: | 00878 | Page: | 0681 |

**\*\*Please provide copies of ALL assignments, if applicable, concerning the above-referenced deed.**

| | |
|---|---|
| Type: | Security Deed |
| From: | Curtis Garland |
| To: | Citifinancial Services, Inc |

| Executed: | 11/27/2007 | Recorded: | 11/30/2007 | Amount: | $16,840.04 |
|---|---|---|---|---|---|
| Book: | 664 | | Page: | 158 | |
| Notes: | | | | | |

| Date Book/Page Re-recorded: | | Date Book/Page Modified: | |
|---|---|---|---|
| Last Assigned To: | U.S. Bank National Association, as Trustee of CVI Loan GT Trust I, its successors and assigns. | | |
| Assignment Dated: | 10/31/2013 | Recorded: | 11/15/2013 |
| Book/Instr. Number: | 00765 | Page: | 0581 |

**\*\*Please provide copies of ALL assignments, if applicable, concerning the above-referenced deed.**

### PRIOR ASSUMPTION OF SECURITY DEEDS/DEEDS OF TRUST/MORTGAGE
(If grantee in any deed in chain of title assumed or took subject to any type of lien, including Security Deed/Deed of Trust/Mortgage, please provide relevant information and whether it has been released.)

| Has this been released (Y/N): | N | Book: | | Page: | |
|---|---|---|---|---|---|
| Notes: | | | | | |

This informational report has been prepared for the exclusive use of this client. This property report is not intended and should not be considered as any form of title guaranty, attorney opinion or title insurance. Maximum liability for errors and omissions shall not exceed the fee paid for this property report.

**JUDGEMENTS/LIENS/FEDERAL TAX LIENS/STATE TAX LIENS:**

| | |
|---|---|
| The following parties have been searched for judgments/liens: | |
| Name: | Curtis Garland |
| Name: | Addie Simmons |
| Name: | Bobby Simmons |
| Name: | Terry Simmons |
| Name: | Cynthia Adams |
| Name: | Roberta Simmons |

**JUDGEMENTS/LIENS/FEDERAL TAX LIENS/STATE TAX LIENS FOUND:**

| | | | | | |
|---|---|---|---|---|---|
| Type: | State Tax Execution | | | | |
| From: | Georgia Department of Revenue | | | | |
| To: | Addie Simmons | | | | |
| Executed: | 12/13/2010 | Recorded: | 01/10/2011 | Amount: | $388.12 |
| Book: | 48 | | Page: | 09 | |
| Notes: | | | | | |

**JUDGEMENTS/LIENS/FEDERAL TAX LIENS/STATE TAX LIENS FOUND:**

| | | | | | |
|---|---|---|---|---|---|
| Type: | State Tax Execution | | | | |
| From: | Georgia Department of Revenue | | | | |
| To: | Addie Simmons | | | | |
| Executed: | 12/13/2010 | Recorded: | 09/08/2016 | Amount: | $388.12 |
| Book: | 60 | | Page: | 218 | |
| Notes: | | | | | |

This informational report has been prepared for the exclusive use of this client. This property report is not intended and should not be considered as any form of title guaranty, attorney opinion or title insurance. Maximum liability for errors and omissions shall not exceed the fee paid for this property report.

Phone: 844-532-3776 | Fax: 303-200-8880 | Website: https://www.a360inc.com/title-solutions.html

**DIVORCE AND PROBATE DOCUMENTS:**

| | |
|---|---|
| (If applicable):  Probate filed on 01/18/1994, with Estate No. 1136-39, Roberta M. Simmons, deceased. | |

**TITLE EXCEPTIONS:**

| | | | | |
|---|---|---|---|---|
| Type (Easement, Right-of-way, Other): | Restrictions – Crestview Height Subdivision | | | |
| From: | P&B Builders, Inc. | | | |
| To: | N/A | | | |
| Executed: | 02/28/1975 | Recorded: | 03/03/1975 | Amount: | N/A |
| Book: | 149 | | Page: | 91 |
| Notes: | | | | |

**DEFECTS/ABSRACTOR NOTES**

| |
|---|
| Bankruptcy filed on 02/15/2018 with Case No. 18-10198.<br>Bankruptcy filed on 10/09/2018 with Case No. 18-42393-bem.<br>Bankruptcy filed on 04/23/2019 with Case No. 19-50731.<br>Bankruptcy filed on 12/03/2019 with Case No. 19-11373. |

| | | |
|---|---|---|
| Effective Date: | 02/12/2021 | Date Title Examined: |

This informational report has been prepared for the exclusive use of this client. This property report is not intended and should not be considered as any form of title guaranty, attorney opinion or title insurance. Maximum liability for errors and omissions shall not exceed the fee paid for this property report.

Phone: 844-532-3776 | Fax: 303-200-8880 | Website: https://www.a360inc.com/title-solutions.html

 **qPublic.net**™ Grady County, GA

## Summary

| | |
|---|---|
| Parcel Number | C0150017 |
| Location Address | 336 CRESCENT CIRCLE SW |
| Legal Description | N/A |
| Class | R3-Residential |
| | (Note: This is for tax purposes only. Not to be used for zoning.) |
| Tax District | CAIRO (District 01) |
| Millage Rate | 35.83 |
| Acres | 0.28 |
| Homestead Exemption | Yes (S4) |
| Landlot/District | N/A |

View Map

## Owner

GARLAND CURTIS
336 CRESCENT CIRCLE SW
CAIRO, GA 39828

## Land

| Type | Description | Calculation Method | Square Footage | Frontage | Depth | Acres | Lots |
|---|---|---|---|---|---|---|---|
| Residential | FF-RES: 80.00 | Front Feet | 0 | 80 | 150 | 0.28 | 0 |

## Residential Improvement Information

| | |
|---|---|
| Style | One Family |
| Heated Square Feet | 1225 |
| Interior Walls | SHEETROCK |
| Exterior Walls | BRICK VENEER |
| Foundation | Slab |
| Attic Square Feet | 0 |
| Basement Square Feet | 0 |
| Year Built | 1975 |
| Roof Type | ASPHALT SHINGLE |
| Flooring Type | TILE SHEET VINYL |
| Heating Type | FLR OR WALL FURN |
| Number Of Rooms | 0 |
| Number Of Bedrooms | 0 |
| Number Of Full Bathrooms | 1 |
| Number Of Half Bathrooms | 0 |
| Number Of Plumbing Extras | 0 |
| Value | $47,192 |
| Condition | Average |

## Sales

| Sale Date | Deed Book / Page | Plat Book / Page | Sale Price | Reason | Grantor | Grantee |
|---|---|---|---|---|---|---|
| 12/19/2000 | 513 411 | 13 39 | $3,600 | Unqualified - Improved | | GARLAND CURTIS |
| 7/5/2000 | 507 333 | | $0 | Unqualified - Improved | SIMMONS ADDIE | PRINCE TERRY |
| 6/26/1995 | 363 88 | 13 39 | $0 | Unqualified - Improved | SIMMONS ROBERTA M | SIMMONS ADDIE |
| 1/9/1976 | 153 570 | | $0 | Unqualified Sale | | SIMMONS ROBERTA M |

## Valuation

| | 2020 | 2019 | 2018 | 2017 |
|---|---|---|---|---|
| Previous Value | $53,592 | $53,592 | $53,592 | $44,344 |
| Land Value | $6,400 | $6,400 | $6,400 | $6,400 |
| + Improvement Value | $47,192 | $47,192 | $47,192 | $47,192 |
| + Accessory Value | $0 | $0 | $0 | $0 |
| = Current Value | $53,592 | $53,592 | $53,592 | $53,592 |

## Sketches



**No data available for the following modules:** Rural Land, Conservation Use Rural Land, Commercial Improvement Information, Mobile Homes, Accessory Information, Prebill Mobile Homes, Permits, Photos.

User Privacy Policy
GDPR Privacy Notice

Last Data Upload: 2/19/2021, 9:12:27 PM





Version 2.3.107

## qPublic.net™  Grady County, GA Tax Commissioner

**Results**                                                                                                                    17 Results

| Parcel Number ⇕ | Bill # ⇕ | Owner ⇕ | Site Address ⇕ | Legal Information ⇕ | Tax Year ⇕ |
|---|---|---|---|---|---|
| C15-17 | 4554 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | | 2020 |
| C15-17 | 4507 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | | 2019 |
| C15-17 | 19478 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | | 2018 |
| C15-17 | 4455 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | | 2017 |
| C15-17 | 4433 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | | 2016 |
| C15-17 | 4445 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | | 2015 |
| C15-17 | 4457 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | . | 2014 |
| C15-17 | 4434 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2013 |
| C15-17 | 4432 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2012 |
| C15-17 | 4448 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2011 |
| C15-17 | 4389 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2010 |
| C15-17 | 4346 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2009 |
| C15-17 | 4345 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2008 |
| C15-17 | 4328 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2007 |
| C15-17 | 4255 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2006 |
| C15-17 | 4201 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2005 |
| C15-17 | 4128 | GARLAND CURTIS | 336 CRESCENT CIRCLE SW | LT14-BLK A-CRESTVIEW HTS | 2004 |

User Privacy Policy
GDPR Privacy Notice



Last Data Upload: 2/19/2021, 8:33:15 PM                                                    Version 2.3.107

 **qPublic.net**™　Grady County, GA Tax Commissioner

### Parcel Information

| | |
|---|---|
| Tax Year | 2020 |
| Bill Number | 4554 |
| Account Number | 196225 |
| Tax District | 01 |
| Parcel Number | C15-17 |
| Building Value | $47,192.00 |
| Land Value | $6,400.00 |
| Acres | 0.2800 |
| Fair Market Value | $53,592.00 |
| Brief Legal Description | |
| Situs Address | 336 CRESCENT CIRCLE SW |

### Owner

GARLAND CURTIS
336 CRESCENT CIRCLE SW
CAIRO, GA 39828

### Total Billing Amount

| Taxing Entity | Adjusted FMV | Net Assessment | Exemptions | Taxable Value | Millage Rate | Gross Tax | Credit | Net Tax |
|---|---|---|---|---|---|---|---|---|
| STATE TAX | $53,592.00 | $21,437.00 | $0.00 | $0.00 | 0.000 | | | $0.00 |
| COUNTY TAX | $53,592.00 | $21,437.00 | $4,000.00 | $17,437.00 | 20.205 | $352.31 | | $303.22 |
| SALES TAX CREDIT | | | | $17,437.00 | -2.815 | | ($49.09) | |
| SCHOOL TAX | $53,592.00 | $21,437.00 | $10,000.00 | $11,437.00 | 13.600 | $155.54 | | $155.54 |
| CAIRO CITY TAX | $53,592.00 | $21,437.00 | $0.00 | $21,437.00 | 13.091 | $280.63 | | $165.49 |
| CAIRO SALES TAX CREDIT | $53,592.00 | $21,437.00 | $0.00 | $21,437.00 | -5.371 | | ($115.14) | $0.00 |
| TOTALS | | | | | 38.710 | $788.48 | ($164.23) | $624.25 |

### Payment Information

| Current Due | Current Due Date | Penalty | Interest | Other Fees | Previous Payment | Back Taxes | Total Due |
|---|---|---|---|---|---|---|---|
| 624.25 | 12/20/2020 | $0.00 | $7.28 | $0.00 | $0.00 | $0.00 | $631.53 |

Fees apply to paying by credit card. The fee is 2.5% which is $15.79. You will be redirected to a secure payment processing center. Follow the directions for entering the credit card information. Be sure to print your receipt. You will also receive an email confirmation from the payment processing center. This site will show processed payments within 24 hours; for immediate payment verification contact the Tax Commissioners Office. **Note: Any payment made online by noon today, will be reflected on the website tomorrow.**



**No data available for the following modules: Mobile Home Information.**

User Privacy Policy
GDPR Privacy Notice

Last Data Upload: 2/19/2021, 8:33:15 PM

Schneider GEOSPATIAL

Version 2.3.107

 Grady County, GA Tax Commissioner

## Parcel Information

| | |
|---|---|
| Tax Year | 2019 |
| Bill Number | 4507 |
| Account Number | 196225 |
| Tax District | 01 |
| Parcel Number | C15-17 |
| Building Value | $47,192.00 |
| Land Value | $6,400.00 |
| Acres | 0.2800 |
| Fair Market Value | $53,592.00 |
| Brief Legal Description | |
| Situs Address | 336 CRESCENT CIRCLE SW |

## Owner

GARLAND CURTIS
336 CRESCENT CIRCLE SW
CAIRO, GA 39828

## Total Billing Amount

| Taxing Entity | Adjusted FMV | Net Assessment | Exemptions | Taxable Value | Millage Rate | Gross Tax | Credit | Net Tax |
|---|---|---|---|---|---|---|---|---|
| STATE TAX | $53,592.00 | $21,437.00 | $0.00 | $0.00 | 0.000 | | | $0.00 |
| COUNTY TAX | $53,592.00 | $21,437.00 | $4,000.00 | $17,437.00 | 19.950 | $347.87 | | $303.23 |
| SALES TAX CREDIT | | | | $17,437.00 | -2.560 | | ($44.64) | |
| SCHOOL TAX | $53,592.00 | $21,437.00 | $10,000.00 | $11,437.00 | 13.600 | $155.54 | | $155.54 |
| CAIRO CITY TAX | $53,592.00 | $21,437.00 | $0.00 | $21,437.00 | 12.980 | $278.25 | | $165.28 |
| CAIRO SALES TAX CREDIT | $53,592.00 | $21,437.00 | $0.00 | $21,437.00 | -5.270 | | ($112.97) | $0.00 |
| TOTALS | | | | | 38.700 | $781.66 | ($157.61) | $624.05 |

## Payment Information

| Current Due | Current Due Date | Penalty | Interest | Other Fees | Previous Payment | Back Taxes | Total Due |
|---|---|---|---|---|---|---|---|
| 624.05 | 01/22/2020 | $0.00 | $15.58 | $0.00 | $639.63 | $0.00 | $0.00 |

**No data available for the following modules:** Mobile Home Information.

User Privacy Policy
GDPR Privacy Notice

Last Data Upload: 2/19/2021, 8:33:15 PM



Version 2.3.107

 (/)

YO HABLO ESPAÑOL

## Payment Amount

Please enter the amount that you wish to pay the bureau in the box provided.

## Grady County, GA Property Tax

Property Tax
Payment Amount
Property Tax Account Number

631.53

2020-4554

🗑

Select the method you would like to use to submit this payment.

yment Method
**Bank Card**

rd Type

[ ▼ ]

**yment**
ncel

BOOK **513** PAGE **411**

QUIT CLAIM DEED

GRADY COUNTY GEORGIA

STATE OF GEORGIA GRADY COUNTY.

00 DEC 19 PM 1:41

ANNETTE H. ALRED
CLERK OF SUPERIOR COURT

THIS INDENTURE, made this 19th day of December, 2000 between TERRY PRINCE of the first part, and CURTIS GARLAND of the second part:

WITNESSETH, That the said parties of the first part, for and in consideration of the sum of ten dollars and other valuable consideration receipt of which is hereby acknowledged, has bargained and sold and by these presents does bargain, sell and forever quit claim unto the said party of the second part its heirs, and assigns, all of the following described lands:

All that tract or parcel of land situate, lying and being in the County of Grady State of Georgia, as follows: Lot 14 in Block ⊓A⊓ of Crestview Heights Subdivision, a subdivision located in the southwestern part of the City of Cairo Grady County, Georgia, according to a plat of survey of said subdivision as recorded in Plat Book 13, Page 39, Clerk⊓s Office, Grady Superior Court. Reference to said plat and the delineations contained thereon is made for the purpose of incorporating the same as a part of this description and for all necessary purposes.

It is the purpose of this deed to evidence the redemption of this property from that certain Keith P. Sandefur, Jr., the City Marshal of the City of Cairo, to Terry Prince recorded in Deed Book 507, Page 333, Grady County Land Records.

First Family Financial Services of Georgia, Inc., and its successors and assigns, a prior lien holder on this property, redeemed this property for the sum of $3600.00 in the name of the Grantee herein, and is entitled to a lien in that amount pursuant to O.C.G.A. Section 48-4-43.

Forever relinquishing all rights, title, claim or demand in and to the above described lands, improvements and appurtenances to the said party of the second part, his heirs and assigns, in fee simple.

IN WITNESS WHEREOF, the said TERRY PRINCE has here unto set her hand and affixed his seal on the day and year first above written.

_____ (Seal)
TERRY PRINCE

Signed, sealed, and delivered in the presence of:

_____
Witness

_____
Notary Public,
State of Georgia

Exp 10/10/04

GRADY COUNTY GEORGIA
REAL ESTATE TRANSFER TAX
Paid $ 3.60
Date DEC 1 9 2000
_____
Clerk of Superior Court

CITY MARSHALL TAX DEED

# GEORGIA, GRADY COUNTY BOOK 507 PAGE 333

Whereas, __KEITH P. SANDEFUR, JR._____, the City Marshall of City of Cairo, did, on the __10TH_____ day of __APRIL, 2000_____ XXXX , levy a writ of fieri facias, issued by City Clerk of the City of Cairo, of said county, against __ADDIE SIMMONS & CURTIS GARLAND_____, for City taxes for the year XXX upon that certain tract, parcel and lot of land, and the improvements, in said City of Cairo, State of Georgia, to-wit:

__MAP 4, BLOCK 36, LOT 14 (C15-17) OF THE_____

__CITY OF CAIRO, GEORGIA TAX MAPS_____

__AS REVISED AUGUST 12, 1992_____

__(IMPROVED PROPERTY)_____

__336 CRESCENT CIRCLE S.W._____

levied upon as the property of __ADDIE SIMMONS & CURTIS GARLAND_____ and after due and legal publication (as required by law) being made in the Cairo Messenger, a newspaper published in said City of Cairo, of the sale of said tract, parcel and lot of land as above described, to satisfy the tax fieri facias aforesaid, the said City Marshall proceeded on the __5TH_____ day of __JULY, 2000_____ XXX the same being a day of sale, for the sale of the same according to law, at the door of the City Hall in said city when said property was then offered for sale, and __TERRY PRINCE_____ being then and there the highest bidder at and for the sum of __THREE THOUSAND    ($3,000.00)_____ Dollars and NO/100 — — — — — — cents, the said property was then and there knocked off to __TERRY PRINCE_____.

Now, this indenture, made and entered into this the __5TH_____ day of JULY, 2000 XXXX between __KEITH P. SANDEFUR, JR._____, City Marshall, aforesaid, of the City of Cairo, of the one part, and __TERRY PRINCE_____ of the other part.

Witnesseth, that for and in consideration of the sum of _____ __THREE THOUSAND    ($3,000.00)_____ Dollars, and NO/100 — — — — cents, cash to him in hand paid by said __TERRY PRINCE_____ at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, the said City Marshall __KEITH P. SANDEFUR, JR._____, aforesaid, has granted, bargained, and sold and doth by these presents grant, bargain and sell unto the said __TERRY PRINCE_____ heirs and assigns (so far as the office of City Marshall authorizes him to sell), all that tract, parcel and lot of land in said City of Cairo, and the improvements thereon as above described.

To have and to hold the above premises unto the __TERRY PRINCE_____, the said __PURCHASER AFORESAID, HIS_____ heirs and assigns, in as full and ample a manner as the same was held and possessed by the said __ADDIE SIMMONS & CURTIS GARLAND_____ when the said property was levied upon and sold.

IN WITNESS WHEREOF, the said __KEITH P. SANDEFUR, JR._____ Marshall, of the City of Cairo hath hereunto set his hand and affixed his seal, the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
City Marshall of the City of Cairo

Notary Public, Grady County, Georgia

MARTHA FAYE LEWIS
NOTARY PUBLIC
GEORGIA-GRADY COUNTY
MY COMMISSION EXPIRES DEC 22, 2002

GRADY COUNTY GEORGIA
REAL ESTATE TRANSFER TAX
Paid $ 0
Date JUL 14 2000
Clerk of Superior Court



1999 003969 ACCT # 28660001 336 CRESCENT CIR SW C15-17
SIMMONS, ADDIE & 4 36 14

BOOK 507 PAGE 334

| DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | TOTAL TAX DUE |
|---|---|---|---|---|
| FAIR MARKET VALUE | 34985 | GROSS ASSESSMENT | 13994 | 122.45 |
| COUNTY EXEMPTION | | NET COUNTY ASSESSMENT | 13994 | INTEREST 8.67 |
| SCHOOL EXEMPTION | | NET SCHOOL ASSESSMENT | 13994 | Penalty 1.75 |
| CITY TAX PPD | 122.45 | | | Adv. Fee — COLLECTION COST |
| Property bought of City tax sale this | | | | Levy 25.00 |
| heal 7/5/00 by Zeky Prince | | | | Recording Fees — FIFA CHARGE 20.00 |
| | | | | Sign deed 5.00 |
| DUE 01/10/00 | 122 COPY OF ... | | | Mail fee — PENALTY 4.69 |
| | | | | 207.50 |
| | | | Escrow | TOTAL 2,792.50 |
| | | | | 3,000.00 |

00000 01 TO SIMMONS, ADDIE &
CURTIS GARLAND
336 CRESCENT CIR SW
CAIRO GA 31728

JUL 7 2000
MARTHA FAYE LEWIS
CITY TREASURER

PREVIOUS TAXES

FIFA

FROM CITY OF CAIRO
PO BOX 29
CAIRO, GA 31728

DUE IN FULL BY 01/10/2000

BOOK **507** PAGE **335**

To all singular Sheriffs, Constables and Marshalls of said County:

You are commanded, that of the goods and chattels, if any be found, otherwise of the lands and tenements of party named below, you make by levy and sale thereof the sum of $_____ for State — _City_ —___ Tax for the year _1999_ within _____ from date at the highest legal rate allowed by law, per annum from said date, provided that the minimum interest payment on such unpaid taxes shall be one dollar and legally provided cost; and you are hereby required to return this Writ to me, with your actings and doings thereon, and the sums aforesaid within the time prescribed by law. Herein fail not. Given under my hand this _10th_ day of _April_ year _2000_

_Martha Faye Lewis_ ......T.C ,W.C

RECD _____ DAY OF _____ '19____ COLLECTED _____ DAY OF _____ 19 ____

88

J. PATRICK WARD
Attorney at Law
P. O. Box 618
Cairo, GA    31728

GRADY COUNTY GEORGIA
FILED IN OFFICE

95 JUL -3 PM 2: 37

A. NELLE H. ALRED
CLERK OF SUPERIOR COURT

## WARRANTY DEED OF GIFT

### STATE OF GEORGIA, GRADY COUNTY.

THIS INDENTURE, made and entered into this 26th day of June, in the year of our Lord, One Thousand Nine Hundred and Ninety-five, between ADDIE SIMMONS, of the one part, and CURTIS GARLAND, of the other part.

WITNESSETH: That the Party of the First Part, for and in consideration of the sum of LOVE AND AFFECTION and other good and valuable consideration, in hand paid, the receipt whereof is hereby acknowledged, hath granted, given and conveyed unto the said CURTIS GARLAND, his heirs and assigns, all the tract or parcel of land situate, lying and being in the County of Grady, State of Georgia, as follows:

All of an undivided one-half interest in and to the following described property:

Lot No. 14 in Block "A" of CRESTVIEW HEIGHTS SUBDIVISION, a subdivision located in the southwestern part of the City of Cairo, Grady County, Georgia, according to a plat of survey of said subdivision as recorded in Plat Book 13, page 39, Clerk's Office, Grady Superior Court. Reference to said plat and the delineations contained thereon is made for the purpose of incorporating the same as a part of this description for all necessary purposes.

WHICH TRACT or parcel of land the said ADDIE SIMMONS will well and truly warrant and defend from the claim of all persons whomsoever, unto the said CURTIS GARLAND, his heirs and assigns, forever in fee simple.

IN TESTIMONY WHEREOF, the said ADDIE SIMMONS hath hereunto set her hand and seal the day and year above written.

_Addie Simmons_                    (SEAL)
(ADDIE SIMMONS)

Signed, sealed and delivered
in the presence of:

NOTARY PUBLIC: Grady County, Georgia
My Commission Expires: 4-2-96
(Affix Seal)

LOFTISS,
VAN HEININGEN
& WARD
ATTORNEYS AT LAW
26 FIRST AVENUE, N.E.
P.O. BOX 618
CAIRO, GEORGIA 31728
(912) 377-3380
FAX (912) 377-2048

GRADY COUNTY GEORGIA
REAL ESTATE TRANSFER TAX
Paid $ —0—
Date  JUL - 3 1995
_Nellie H. Kirus, deputy_
Clerk of Superior Court

### RECORDED
Book 363 Page 88

GRADY COUNTY GEORGIA
FILED IN OFFICE

95 JUL -3 PM 2:37

ANNETTE H. ALFRED
CLERK OF SUPERIOR COURT

_87_

*QUITCLAIM DEED*

J. PATRICK WARD
Attorney at Law
P. O. Box 618
Cairo, GA   31728

## STATE OF GEORGIA, GRADY COUNTY:

THIS INDENTURE, made this __21st__ day of June, 1995, between BOBBY SIMMONS, TERRY SIMMONS, and CYNTHIA ADAMS, of the one part, and ADDIE SIMMONS, of the second part:

WITNESSETH: That the said Party of the First Part, for and in consideration of the sum of LOVE AND AFFECTION, receipt of which is acknowledged, hath bargained and sold and by these presents does bargain, give and forever quitclaim unto the said Party of the Second Part, her heirs and assigns, all of the following described property:

Lot No. 14 in Block "A" of CRESTVIEW HEIGHTS SUBDIVISION, a subdivision located in the southwestern part of the City of Cairo, Grady County, Georgia, according to a plat of survey of said subdivision as recorded in Plat Book 13, page 39, Clerk's Office, Grady Superior Court. Reference to said plat and the delineations contained thereon is made for the purpose of incorporating the same as a part of this description for all necessary purposes.

The Grantors and the Grantee herein are all of the heirs of Roberta M. Simmons, deceased, and who act by virtue of that certain order declaring no administration necessary dated February 7, 1994, issued by Anne W. Edwards, Judge of the Probate Court of Grady County, Georgia, and recorded in proceedings number 1136 Docket "F", pages 39-44.

Forever relinquishing all rights, title, claim or demand in and to the above described lands, improvements and appurtenances to the said Party of the Second Part, her heirs and assigns, in fee simple.

IN WITNESS WHEREOF, the said BOBBY SIMMONS, TERRY SIMMONS and CYNTHIA ADAMS have hereunto set their hands and affixed their seals on the day and year first above written.

GRADY COUNTY GEORGIA
REAL ESTATE TRANSFER TAX
Paid $ -0-
Date JUL - 3 1995
_____ Kevin deputy
Clerk of Superior Court

_Bobby Simmons_                    (SEAL)
(BOBBY SIMMONS)

_Terry Simmons_                    (SEAL)
(TERRY SIMMONS)

_Cynthia Adams_                    (SEAL)
(CYNTHIA ADAMS) also known as:
_Cynthia Adams Gardner_

LOFTISS,
VAN HEININGEN
& WARD
ATTORNEYS AT LAW
26 FIRST AVENUE, N. E.
P.O. BOX 618
CAIRO, GEORGIA 31728
(912) 377-3800
FAX (912) 377-2042

Signed, sealed and delivered
in the presence of:

_J Patrick Ward_

_____
NOTARY PUBLIC: Grady County, Georgia
My Commission Expires: _9-3-96_

RECORDED
Book 363 Page    87

WARRANTY DEED

Messenger Print, Cairo, Ga.

## STATE OF GEORGIA, _____GRADY_____ COUNTY.

THIS INDENTURE, made and entered into the _____9th_____ day of JANUARY _____in the year of our Lord, One Thousand Nine Hundred and SEVENTY-SIX _____between BRACEWELL HOMES CORPORATION

of the one part, and ROBERTA M. SIMMONS

_____of the other part.

WITNESSETH: That the party of the first part, for and in consideration of the sum of Ten Dollars and other valuable considerations--------------- DOLLARS in hand paid, the receipt whereof is hereby acknowledged, hath granted, sold and conveyed unto the said ROBERTA M. SIMMONS

her _____heirs and assigns, all the tract or parcel of land situate, lying and being in the county of ____Grady_____ as follows:

Lot No. 14 in Block "A" of Crestview Heights Subdivision, a subdivision located in the southwestern part of the City of Cairo, Grady County, Georgia, according to a plat of survey of said subdivision as recorded in Plat Book 13, page 39, Clerk's Office, Grady Superior Court.  Reference to said plat is made for the purpose of making same a part of this description.

This conveyance is made subject to said subdivision restrictions as recorded in Deed Book 149, page 91-2, Clerk's Office, Grady Superior Court.

Grady County, Georgia
Real Estate Transfer Tax
Paid $ 19 50
Date JAN 9 1976
Annette Alred
dpty - Clerk of Superior Court

WHICH TRACT or parcel of land the said BRACEWELL HOMES CORPORATION

will well and truly warrant and defend from the claim of all persons whatsoever, unto the said ROBERTA M. SIMMONS

her _____heirs and assigns, forever in fee simple.

IN TESTIMONY WHEREOF, The said BRACEWELL HOMES CORPORATION

hath hereunto set its hand (s) and seal (s) the day and year above written.

Signed, sealed and delivered in the presence of     BRACEWELL HOMES CORPORATION

BY: _____(Seal)

_____(Seal)

Notary Public _____

Filed & Recorded JAN 9 1976   4 P.     Leland Harrison, Clerk

570

153
580

STATE OF GEORGIA, _____ GRADY _____ COUNTY.

THIS INDENTURE, made and entered into the _____ 15 _____ day of

July _____ in the year of our Lord, One Thousand Nine Hundred and

SEVENTY-FIVE _____ between ___ P & B BUILDERS, INC. _____

of the one part, and __ BRACEWELL HOMES CORPORATION OF GEORGIA _____

_____ of the other part.

WITNESSETH: That the party of the first part, for and in consideration of the sum of

Ten Dollars and other valuable considerations------------- XXXXXXX

in hand paid, the receipt whereof is hereby acknowledged, hath granted, sold and conveyed unto

the said __ BRACEWELL HOMES CORPORATION OF GEORGIA _____

_____ its / successors ____ and assigns, all the tract or parcel of land situate, lying and being in the

county of _____ Grady _____ as follows:

Lots No. 1, 2, and 3 in Block "D" and Lots No. 14 and 15 in Block
"A" of Crestview Heights Subdivision, a Subdivision located in the
City of Cairo, according to a plat of survey as recorded in Plat
Book 13, page 39, Clerk's Office, Grady Superior Court. Reference
to said plat is made for the purpose of making same a part of this
description.

This conveyance is made subject to the restrictions of said
subdivision as recorded in Clerk's Office, Grady Superior Court.

_____ Grady _____ County, Georgia
Real Estate Transfer Tax
Paid $ __ 15.00 __
Date ____ JUL 1 7 1975
_____
Clerk of Superior Court

WHICH TRACT or parcel of land the said __ P & B BUILDERS, INC. _____

will well and truly warrant and defend from the claim of all persons whatsoever, unto the said

BRACEWELL HOMES CORPORATION OF GEORGIA _____

_____ its successors _____ and assigns, forever in fee simple.

IN TESTIMONY WHEREOF, The said __ P & B BUILDERS, INC. _____

hath hereunto set __ ITS __ hand (s) and seal (s) the day and year above written.

Signed, sealed and delivered in the presence of        P & B BUILDERS, INC.

_____        By: _____ (Seal)
                                          Vice President

_____ (Seal)

Notary Public: _____

Filed & Recorded ____ JUL 1 7 1975 ____ 9:15 ____ L. Leland Harrison, Clerk

Rec'd. 7-17-75

WARRANTY DEED

Messenger Print, Cairo, Ga.

## STATE OF GEORGIA, _____GRADY_____ COUNTY.

THIS INDENTURE, made and entered into the _____ 2nd _____ day of

_____August_____ in the year of our Lord, One Thousand Nine Hundred and

____Seventy-two____ between _____ Jack Tyson _____

of the one part, and ____ P & B BUILDERS, INC., a Georgia Corporation

_____of the other part.

WITNESSETH: That the party of the first part, for and in consideration of the sum of

--Ten Dollars and other valuable consideration----------XDOLLARS

in hand paid, the receipt whereof is hereby acknowledged, hath granted, sold and conveyed unto

the said _____ P & B Builders, Inc., its successors

_____ heirs and assigns, all the tract or parcel of land situate, lying and being in the

county of _____ Grady _____ as follows:

A tract or parcel of land in the City of Cairo, Grady County,
Georgia, a portion of which is in Land Lot 61 in the 18th Land
District of said county and bounded now or formerly as follows:
On the South by W. H. Strickland lands and on Eastward extension
of the line of said W. H. Strickland lands to the lands of A. B.
Sanders; on the West by Mill Creek; on the North by an unnamed
creek or branch; and on the East by Block 3 and Block 4 of
Subdivision shown on map of Cairo Annex as recorded in Deed Book
One, Page 330, Grady County Records, the west end of 8th Avenue,
Southeast, and a northerly extension of the west line of said
Block 4 to said unnamed creek.

Ad valorem taxes for the year 1972 shall be pro-rated as of this
date.

_____ County, Georgia
Real Estate Transfer Tax
Paid $ 30.00
Date August 2, 1972
_____ Herman
Clerk of Superior ct

WHICH TRACT or parcel of land the said _____ Jack Tyson

will well and truly warrant and defend from the claim of all persons whatsoever, unto the said

_____ P & B Builders, Inc.

_____ its successors _____ heirs and assigns, forever in fee simple.

IN TESTIMONY WHEREOF, The said _____ Jack Tyson

hath hereunto set his hand (X) and seal (X) the day and year above written.

Signed, sealed and delivered in the presence of

Marilyn M. Chastain                    Jack Tyson (Seal)

                                                        (Seal)

Notary Public Grady County, Georgia

Filed & Recorded _____ AUG 2 1972 _____ 2:15 M. Leland Harrison, Clerk

BOOK 513 PAGE 412

GRADY COUNTY GEORGIA
FILED IN OFFICE

00 DEC 19 PM 1:43

ANNETTE H. ALRED
CLERK OF SUPERIOR COURT

GRADY COUNTY, GEORGIA
GEORGIA INTANGIBLE TAX PAID

$ 18.00

DATE  DEC 19 2000

ANNETTE H. ALRED, CLERK  aha

RETURN TO:

FIRST FAMILY FINANCIAL SERVICES

2551 E. PINETREE BLVD A2

THOMASVILLE GA. 31792

## Deed To Secure Debt

STATE OF GEORGIA

_____ THOMAS _____ County.

THIS INDENTURE, Made this ____18TH____ day of _____DECEMBER_____, __2000__, between
_____CURTIS GARLAND_____ and _____
_____ of _____GRADY_____ County, State
of GEORGIA (hereinafter called the "Grantor"), and ____FIRST FAMILY FINANCIAL SERVICES OF GEORGIA INC.____,
with a mailing address of ____2551 E. PINETREE BLVD A2 THOMASVILLE GA. 31792____, of _____
_____THOMAS_____ County, State of ____GEORGIA____, (hereinafter called the "Grantee").

WITNESSETH: Grantor is indebted to Grantee in the sum of $ ____60016.71____ with interest thereon, evidenced by a loan
agreement or loan contract of even date herewith signed by Grantor payable to Grantee or order, with final payment being due on _____

As security for payment of said indebtedness, Grantor hereby grants, bargains, sells and conveys unto the Grantee, its successors and assigns, the
following described property, to-wit:

EXPIRES 1/01/31
NEW MONEY  $5613.11

together with all buildings, improvements and fixtures thereon, together with all plumbing, heating and lighting fixtures attached thereto or used in
connection therewith, and together with all rights, members, appurtenances and easements thereto belonging or in any wise appertaining, and together
with all timber growing thereon.

This deed is given subject to _____ NONE _____
(Note prior liens, if any)

TO HAVE AND TO HOLD said property unto said Grantee, its successors and assigns, forever in fee simple; and Grantor hereby represents and
warrants that he has good and merchantable title to said property and the right to give this deed and that said property is free of any lien, claim or
encumbrance whatever except such, if any, as may be set out above, and Grantor shall and will forever warrant and defend the title thereto against the
lawful claims of all persons whomsoever.

This instrument is a deed passing title pursuant to the laws of the State of Georgia governing security deeds and is not a mortgage; and is made and
intended to secure the payment of said indebtedness, any renewals, thereof and such additional sums thereafter loaned by the Grantee to the Grantor
and interest thereon.

Grantor will keep the improvements now existing or hereinafter erected on the premises insured against loss or damage by fire and other hazards and
perils included within the scope of a standard extended coverage endorsement, and such other hazards as Grantee may require, in such amounts and
for such periods as Grantee may require, and in an insurance company or insurance companies acceptable to Grantee. All insurance policies and
renewals shall designate Grantee as a loss payee and shall be in a form acceptable to Grantee. Grantor hereby confers full power on Grantee to settle
and compromise all loss claims on all such policies; to demand, receive, and receipt for all proceeds becoming payable thereunder; and, at Grantee's
option, to apply same toward either the restoration or repair of the premises or the payment of the note. Any application of such proceeds toward
payment of the note shall not extend or postpone the due date of monthly installments due under the note.

If Grantor fails to perform the covenants and agreements contained in this Deed, including, without limitation, covenants to pay taxes, procure
insurance, and protect against prior liens, Grantee may at its option, but shall not be required to, disburse such sums and take such actions necessary to
pay such taxes, procure such insurance, or otherwise to protect Grantee's interest. Any amount disbursed by Grantee hereunder shall be an additional
obligation of Grantor secured by this Deed. Unless Grantor and Grantee agree otherwise, all such amounts shall be payable immediately by Grantor
upon notice from Grantee to Grantor, and may bear interest from the date of disbursement by Grantee at the lesser of the rate stated in the note or the
highest rate permissible by applicable law. Nothing contained in this paragraph shall require Grantee to incur any expense or take any action
whatsoever.

507556 REV. 10-99 (I.B.)

| ORIGINAL (1) |
| BORROWER COPY (1) |
| RETENTION COPY (1) |

00001A.06

BOOK 513 PAGE 413

Unless prohibited under state law, as additional security, Grantor hereby gives to and confers upon Grantee the right, power, and authority, during the continuance of this deed, to collect the rents, issues, and profits of said property, reserving unto Grantor the right, prior to any default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Grantee upon giving written notification to the Grantor or his successors, etc., may either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name, sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less allowable expenses of collection of such rents, issues and profits, and the application thereof aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

Should default occur in any prior deed to secure debt of record or in the prompt payment of any part of the indebtedness hereby secured or in the prompt performance of any of Grantor's covenants or obligations hereunder, or of any covenant or obligation contained in any note hereby secured (time being hereby made of the essence hereof), or should Grantor sell or transfer the property without the Grantee's prior written consent, said Grantee, its successors or assigns, may at its option declare the entire indebtedness hereby secured immediately due and payable and if this occurs, the Grantee, its successors or assigns, may sell all or any part of said property for the purpose of paying the indebtedness hereby secured, any such sale to be advertised and conducted at the time and place and in the usual manner of Sheriff's sales in the County in which said property or a part thereof is located, all other notice being hereby waived by Grantor, and may make the purchaser or purchasers thereat a good and sufficient deed to said property, divesting out of Grantor all right, title, interest and equity he may have in said property and vesting the same in the purchaser or purchasers. Said Grantee, its successors and assigns, may bid and purchase at such sale. Said deed may contain recitals of the happening of the events and the performance of the conditions necessary to make such sale valid, and any such recitals shall be binding and conclusive on Grantor, his heirs, successors and assigns. Said Grantee, its successors and assigns and any officer, agent or attorney thereof, is hereby appointed the true and lawful attorney-in-fact of Grantor to hold such sale and to make such deed. The powers and agencies herein conferred, being coupled with an interest, shall be irrevocable by death or otherwise. The proceeds of any such sale shall be applied first on the cost and expense of such sale and the indebtedness hereby secured, including reasonable attorney's fees not in excess of 15% of the principal and interest owing on the indebtedness, and the balance, if any, returned to Grantor, his heirs or assigns. If, however, there is a prior deed to secure debt, Grantor irrevocably assigns to Grantee such balance to the extent necessary to satisfy the balance due on the loan secured by this instrument. Immediately upon any such default said Grantee, its successors or assigns, shall be authorized to enter upon said premises and collect the rents therefrom to apply on the indebtedness hereby secured, and all tenants are hereby authorized and directed to pay all rent direct to said Grantee, and said Grantee, its successors and assigns, shall be entitled to a receiver to take charge of said property, regardless of the insolvency of Grantor and the value of said property and of any adequate remedy at law, and Grantor hereby consents to the appointment of a receiver. The possession of Grantor or any one holding under Grantor after any such sale shall be that of tenant holding over, and he may be summarily dispossessed as such. The rights and remedies herein granted are cumulative of those provided by law.

If this deed is signed by more than one person, each, jointly and severally, undertakes all obligations hereunder, and singular words shall be construed as plural wherever appropriate. Masculine words shall include the feminine or neuter. The word "Grantor" wherever used herein shall include the heirs, administrators, assigns and successors in interest of each Grantor, and the word "Grantee" shall include the successors and assigns of said Grantee.

IN WITNESS WHEREOF, Grantor has caused this deed to be signed and sealed the day and year first above written.

Signed, sealed and delivered in the presence of:

_____ (Unofficial Witness)

_____ (Notary Public)

[Notarial Seal]

My commission expires _____ Dec 17, 2001

_____ Curtis Garland (Grantor)    (SEAL)
CURTIS GARLAND

_____ (Grantor)    (SEAL)

The debt which this instrument was given to secure having been paid in full, this instrument is hereby cancelled and the Clerk of the Superior Court of

_____ County, Georgia, is hereby authorized and directed to mark it satisfied and cancelled of record.

This _____ day of _____, _____.

_____
(Lender Corporation Name)

By: _____
, Branch Manager

After Recorded, Return To:

607666                                                                                          00001B.05

BOOK  513 PAGE  414

{ LEGAL DESCRIPTION:
LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS
ALL THAT CERTAIN PROPERTY SITUATED IN CAIRO
IN THE COUNTY OF GRADY, AND STATE OF GEORGIA
AND BEING DESCRIBED IN A DEED DATED 06/26/95
AND RECORDED 07/03/95, AMONG THE LAND RECORDS OF THE COUNTY
AND STATE SET FORTH ABOVE, AND REFERENCED AS FOLLOWS:
BOOK 363 PAGE 88
ALL THE TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE COUNTY OF
GRADY, STATE OF GEORGIA, AS FOLLOWS: ALL OF AN UNDIVIDED ONE-HALF INTEREST IN
AND TO THE FOLLOWING DESCRIBED PROPERTY: LOT NO. 14 IN BLOCK "A" OF CRESTVIEW
HEIGHTS SUBDIVISION, A SUBDIVISION LOCATED IN THE SOUTHWESTERN PART OF THE
CITY OF CAIRO, GRADY COUNTY, GEORGIA, ACCORDING TO A PLAT OF SURVEY OF SAID
SUBDIVISION AS RECORDED IN PLAT BOOK 13, PAGE 39, CLERK'S OFFICE, GRADY
SUPERIOR COURT. REFERENCE TO SAID PLAT AND THE DELINEATIONS CONTAINED THEREON
IS MADE FOR THE PURPOSE OF INCORPORATING THE SAME AS A PART OF THIS
DESCRIPTION FOR ALL NECESSARY PURPOSES, RECORDED BOOK 363, PAGE 88. }

ASGN
Filed for Record and Recorded
05/07/2018 11:40AM

VT01#
DEBBIE KINES
Clerk Superior Court, GRADY County, Ga

Bk 00832    Pg 0375

When Recorded Return To:
CitiFinancial Servicing, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

## ASSIGNMENT OF SECURITY DEED

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, SUCCESSOR BY MERGER TO FIRST FAMILY FINANCIAL SERVICES, INC., A DELAWARE CORPORATION, SUCCESSOR BY MERGER TO FIRST FAMILY FINANCIAL SERVICES OF GEORGIA, INC., A GEORGIA CORPORATION, WHOSE ADDRESS IS C/O CITIMORTGAGE, INC., 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A, WHOSE ADDRESS IS 1600 SOUTH DOUGLASS ROAD, SUITE 200-A, ANAHEIM, CA 92806, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Security Deed is executed by **CURTIS GARLAND** to **FIRST FAMILY FINANCIAL SERVICES OF GEORGIA, INC.** and recorded in Deed **Book 513 and Page 412** in the office of the Clerk of the Superior Court of **GRADY** County, **Georgia**.

IN WITNESS WHEREOF, the undersigned has hereunto set its hand on __5__/__1__/__/2018__ (MM/DD/YYYY).

**CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, SUCCESSOR BY MERGER TO FIRST FAMILY FINANCIAL SERVICES, INC., A DELAWARE CORPORATION, SUCCESSOR BY MERGER TO FIRST FAMILY FINANCIAL SERVICES OF GEORGIA, INC., A GEORGIA CORPORATION**

By: _____
**Francis DeNardo**
**VICE PRESIDENT**
All persons whose signatures appear above have qualified
authority to sign and have reviewed this document and
supporting documentation prior to signing.

_____
Shannon McKinney    Witness



STATE OF FLORIDA    COUNTY OF PINELLAS
I hereby attest that I was present and acknowledged the execution of the foregoing instrument, done before me on __5__/__1__/__/2018__ (MM/DD/YYYY), by Francis DeNardo as VICE PRESIDENT of CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, SUCCESSOR BY MERGER TO FIRST FAMILY FINANCIAL SERVICES, INC., A DELAWARE CORPORATION, SUCCESSOR BY MERGER TO FIRST FAMILY FINANCIAL SERVICES OF GEORGIA, INC., A GEORGIA CORPORATION, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Michelle Brown
Notary Public - State of FLORIDA
Commission expires: 10/13/2020

MICHELLE BROWN
Notary Public - State of Florida
My Commission #GG 38514
Expires October 13, 2020

**Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
MAS26    DOCR T281804-10:49:59 [C-1] FRMGA1_CF001



Deed        Doc: ASGN
**Filed for Record and Recorded**
01/04/2021 10:30AM

PT61#:
DEBBIE KINES
Clerk Superior Court, GRADY County, Ga

Bk 00878    Pg 0681

RETURN TO:
C. R. Hall
2860 Exchange Blvd. # 100
Southlake TX 76092

### Assignment of Security Deed

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF
STANWICH MORTGAGE LOAN TRUST A 1600 South Douglass Road, Suite 200-A, Anaheim CA 92806 (Assignor) by
these presents does assign and set over, without recourse, to ATLANTICA, LLC 2001 Western Ave., Ste 400, Seattle WA
98121 (Assignee) the described security deed with all interest, all liens, any rights due or to become due thereon, executed by
Curtis Garland to FIRST FAMILY FINANCIAL SERVICES OF GEORGIA INC.   Said security deed Dated: 12/18/2000 is
recorded in the State of GA, County of Grady on 12/19/2000, Book 513 Page 412 AMOUNT: $ 60,016.71   Property
Address: 336 CRESCENT CIR, CAIRO, GA 39828
IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed as a sealed instrument by its proper
signatory. Executed on: __NOV 2 0 2020__
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A
BY CARRINGTON MORTGAGE SERVICES, LLC AS ITS ATTORNEY-IN-FACT

By:
Chris Lechtanski, VP, Collateral Operations
for Carrington Mortgage Services, LLC Attorney In Fact

Witness:
Luz E. Huerta

### CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of ____CALIFORNIA____
County of ____ORANGE____                                                    Chris Lechtanski
On _11- 20 - 20_ before me, ____Rosa Brass____, Notary Public, personally appeared _____, second
signer if needed and witness, who signed the above referenced instrument in my presence, and who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.
WITNESS my hand and official seal.

Notary public, ____Rosa Brass____
My commission expires: ____OCT 1 3 2024____

ROSA BRASS
Notary Public • California
Orange County
Commission # 2335500
My Comm. Expires Oct 13, 2024

GA  Grady        OAKHARBOR/AOM/ROCKTOPXII2020-6/SFR

DEED
BOOK   6 6 4 PAGE   **158**

GRADY COUNTY, GEORGIA
FILED IN OFFICE

2007 NOV 30  AM 8: 53

SUPERIOR/STATE/JUVENILE
CLERK OF COURT

GRADY COUNTY, GEORGIA
GEORGIA INTANGIBLE TAX PAID

$  *51.00*

DATE *11-30-07*

ANNETTE H. ALRED, CLERK

After recording return to:
CITIFINANCIAL SERVICES,
INC.
1428 REMINGTON AVE STE 6
THOMASVILLE     GA  31792

## SECURITY DEED

THIS DEED is made this    27th    day of    November    , 2007, between the Grantor,
CURTIS GARLAND

(herein "Borrower"),

and the Grantee,    CITIFINANCIAL SERVICES, INC.    ,
a corporation organized and existing    under the laws of    Georgia
whose address is   1428 REMINGTON AVE STE 6    THOMASVILLE    GA  31792
(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $  16,840.04 which indebtedness is
evidenced by Borrower's note dated 11/27/2007 and extensions and renewals thereof (herein "Note"), providing for
monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on
01/10/2023 ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment
of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure
Debt; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby grant and
convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the
County of    GRADY, State of Georgia:

SEE EXHIBIT A

which has the address of    336 CRESCENT CIRCLE SW    , CAIRO
Georgia  39828    (herein "Property Address");

TO HAVE AND TO HOLD such property unto Lender and Lender's successors and assigns forever, together with
all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of
which shall be deemed to be and remain a part of the property covered by this Deed; and all of the foregoing, together with
said property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and
convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to
encumbrances of record.

GA 25685-5  6/98    **Original (Recorded)    Copy (Branch)    Copy (Customer)**    Page 1 of 4

DEED
BOOK **664** PAGE **159**

CURTIS GARLAND   ADDIE SIMMONS                                                                11/27/2007

UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.**  Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof.  Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior security deed, mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they shall fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds.  If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed.

**3. Application of Payments.**  Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Deeds to Secure Debt; Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender.  Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold. If this Deed is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.**  Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

GA 25685-5  6/98        **Original (Recorded)**   Copy (Branch)    Copy (Customer)                 Page 2 of 4

CURTIS GARLAND   ADDIE SIMMONS

DEED
BOOK 664 PAGE 160

11/27/2007

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed, but does not execute the Note, (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed. In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Deed. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Deed without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums secured by this Deed, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may invoke the power of sale herein granted (and Borrower hereby appoints Lender the agent and attorney-in-fact for Borrower to exercise said power of sale) and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Lender may determine. Lender or Lender's designee may purchase the Property at any sale.

Lender shall deliver to the purchaser Lender's deed to the Property in fee simple and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed; and (c) the excess, if any, to the person or persons legally entitled thereto. The power and agency hereby granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of said indebtedness as provided by law.

If the Property is sold pursuant to this paragraph 17, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

GA 25685-5  6/98       Original(Recorded)       Copy(Branch)       Copy(Customer)                Page 3 of 4

BOOK       PAGE   16 34

CURTIS GARLAND   ADDIE SIMMONS                                    11/27/2007

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed or (ii) entry of a judgment enforcing this Deed if: (a) Borrower pays Lender all sums which would be then due under this Deed and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Deed, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed shall continue unimpaired. Upon such payment and cure by Borrower, this Deed and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed, Lender shall cancel this Deed without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

**22. Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**23. Deed to Secure Debt.** This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

**24. Bankruptcy.** In the event of Borrower's bankruptcy, Lender may include interest on its claim at the rate of interest prevailing under the Note.

**25. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 25, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 25, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

<div align="center">

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR SECURITY**
**DEEDS, MORTGAGES OR DEEDS OF TRUST**

</div>

Borrower and Lender request the holder of any security deed, mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Deed to give Notice to Lender, at Lender's address set forth on page one of this Security Deed, with a copy to P. O. Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, BORROWER has executed and sealed this Deed.

Signed, sealed and delivered
in the presence of:

_____   _Curtis Garland_____ (Seal)
                                                                    -Borrower

_____                                    _____ (Seal)
                                                                    -Borrower

Notary Public _____ County, _Thomas_____

GA 25685-5  6/98          Original(Recorded)   Copy(Branch)   Copy(Customer)          Page 4 of 4
                    (Space Below This Line Reserved For Lender and Recorder)

DEED
BOOK    6 6 4 PAGE    162

## EXHIBIT A

THE FOLLOWING DESCRIBED LANDS: ALL THAT TRACT OR PARCEL OF
LAND SITUATE, LYING AND BEING IN THE COUNTY OF GRADY STATE OF
GEORGIA, AS FOLLOWS: LOT 14 IN BLOCK A OF CRESTVIEW HEIGHTS
SUBDIVISION, A SUBDIVISION LOCATED IN THE SOUTHWESTERN PART
OF THE CITY OF CAIRO GRADY COUNTY, GEORGIA, ACCORDING TO A
PLAT OF SURVEY OF SAID SUBDIVISION AS RECORDED IN PLAT BOOK
13, PAGE 39, CLERKS OFFICE, GRADY SUPERIOR COURT, REFERENCE
TO SAID PLAT AND THE DELINEATIONS CONTAINED THEREON IS MADE
FOR THE PURPOSE OF INCORPORATING THE SAME AS A PART OF THIS
DESCRIPTION AND FOR ALL NECESSARY PURPOSES.

BEING THE SAME FEE SIMPLE PROPERTY CONVEYED BY QUIT CLAIM
DEED FROM  TERRY PRINCE    TO CURTIS  GARLAND    , DATED
12/19/2000 RECORDED ON 12/19/2000 IN BOOK 513, PAGE 411 IN GRADY
County RECORDS, STATE OF GA.

When Recorded Return To:
CitiFinancial, Inc.
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Deed      Doc: ASGN
**Recorded 11/15/2013 10:44AM**

PT61#:
DEBBIE KINES
Clerk Superior Court, GRADY County, Ga

Bk 00765    Pg 0581

## ASSIGNMENT OF SECURITY DEED

CONTACT GREEN TREE SERVICING LLC FOR THIS INSTRUMENT PO BOX 6172, RAPID CITY, SD, 57709-6172, TELEPHONE # 800-643-0202, WHICH IS RESPONSIBLE FOR RECEIVING PAYMENTS.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, CFNA RECEIVABLES (GA), INC. F/K/A CITIFINANCIAL SERVICES, INC., A GEORGIA CORPORATION, WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT- 17TH FLOOR, BALTIMORE, MD, 21202, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF CVI LOAN GT TRUST I, WHOSE ADDRESS IS 7360 SOUTH KYRENE, T314, TEMPE, AZ 85283 (800)643-0202, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)..

Said Security Deed is executed by CURTIS GARLAND to CITIFINANCIAL SERVICES, INC. and recorded in Deed Book 664, Page 158, and/or as Instrument # in the office of the Clerk of the Superior Court of GRADY County, Georgia.

IN WITNESS WHEREOF, the undersigned has hereunto set its hand on 10/ 3 1 /2013 (MM/DD/YYYY). CFNA RECEIVABLES (GA), INC. F/K/A CITIFINANCIAL SERVICES, INC., A GEORGIA CORPORATION

By: _____

  Tyler Driver    VICE PRESIDENT

And: _____

  Deborah Turner-Bey    VICE PRESIDENT

All Authorized Signatories whose signatures appear above are employed by NTC and have reviewed this document and supporting documentation prior to signing.

_____
Daniel Thompson    Witness

_____
Jessica Sheetz    Witness

STATE OF FLORIDA    COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on 10/ 31 /2013 (MM/DD/YYYY), by Tyler Driver and Deborah Turner-Bey as VICE PRESIDENT and VICE PRESIDENT, respectively for CFNA RECEIVABLES (GA), INC. F/K/A CITIFINANCIAL SERVICES, INC., A GEORGIA CORPORATION, who, as such VICE PRESIDENT and VICE PRESIDENT, respectively being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Nicole Baldwin
Notary Public - State of FLORIDA
Commission expires: 08/05/2016

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
          -- PELICAN RE    DOCR T2813102913  [C-1] FRMGA1



LIEN BOOK **48** PAGE **009**

GRADY COUNTY, GA.
FILED IN OFFICE                    ALBAN

2011 JAN 10 P 12: 02



## GEORGIA DEPARTMENT OF REVENUE

### STATE TAX EXECUTION

DEBBIE KINES
CLERK OF SUPERIOR
ATE & JUVENILE COUR

| EXECUTION NUMBER | TOTAL |
|---|---|
| | (Includes **50.00** Costs) |
| REV 10250776 | $438.12 |

**GEORGIA, FULTON COUNTY**

**To ALL** and singular sheriffs of this state, the State Revenue Commissioner or his authorized representatives, greetings:

**YOU ARE HEREBY COMMANDED**, that of the goods and chattels, or if none be found, then the lands and tenements of

**ADDIE SIMMONS**
**XXX-XX-5177**
**336 CRESCENT CIR SW**
**CAIRO, GA 39828-2965**

you cause to be made by levy and sale the sum of the dollars and cents hereinafter shown, said sum representing delinquent tax liabilities of the named taxpayer(s) assessed under the taxing Acts of this State and the Georgia Public Revenue code for the taxable period(s) indicated below together with interest on the total as shown below at the rate specified in Code Section 48-2-40 from the date of this execution until said total amount is paid, plus all collection fees and costs which have accrued and which may hereafter accrue.

You are further commanded to pay over to the Department of Revenue of the State of Georgia the aforesaid amounts upon collection thereof and to have you then and there this writ.

| TAX TYPE | TAX PERIOD | AMOUNT DUE (Thru 12/13/10 ) |
|---|---|---|
| INDV INCOME | 01/01/09-12/31/09 | $388.12 |

Witness the undersigned State Revenue Commissioner of Georgia on this date of        DECEMBER 13, 2010.

Bart L. Graham.
State Revenue Commissioner

| | |
|---|---|
| Principal | $287.00 |
| Interest | 22.96 |
| Penalty | 13.48 |
| Collection Fee | 64.68 |
| Costs | 50.00 |
| Total | $438.12 |

The State Revenue Commissioner can find no property of the defendant on which to levy the within tax execution.

This _____ day of _____, _____

_____
Authorized Representative of the State Revenue Commissioner

Georgia, Grady County Entered on General Execution Docket Book No. 48 Page No. 9 at 12:02 a.m. p.m.
This 10 day of Jan, 2011.

Staci Newmons dep.
Clerk



LIEN BOOK **48** PAGE **009**

GRADY COUNTY, GA.
FILED IN OFFICE          ALBAN

2011 JAN 10 P 12: 02

# GEORGIA DEPARTMENT OF REVENUE

DEBBIE KINES
CLERK OF SUPERIOR
TATE & JUVENILE COUR

## STATE TAX EXECUTION

| EXECUTION NUMBER | TOTAL |
|---|---|
| | (Includes **50.00** Costs) |
| REV 10250776 | $438.12 |

**GEORGIA, FULTON COUNTY**

To ALL and singular sheriffs of this state, the State Revenue Commissioner or his authorized representatives, greetings:

**YOU ARE HEREBY COMMANDED**, that of the goods and chattels, or if none be found, then the lands and tenements of

**ADDIE SIMMONS**
**XXX-XX-5177**
**336 CRESCENT CIR SW**
**CAIRO, GA 39828-2965**

you cause to be made by levy and sale the sum of the dollars and cents hereinafter shown, said sum representing delinquent tax liabilities of the named taxpayer(s) assessed under the taxing Acts of this State and the Georgia Public Revenue code for the taxable period(s) indicated below together with interest on the total as shown below at the rate specified in Code Section 48-2-40 from the date of this execution until said total amount is paid, plus all collection fees and costs which have accrued and which may hereafter accrue.

You are further commanded to pay over to the Department of Revenue of the State of Georgia the aforesaid amounts upon collection thereof and to have you then and there this writ.

| TAX TYPE | TAX PERIOD | AMOUNT DUE (Thru 12/13/10 ) |
|---|---|---|
| INDV INCOME | 01/01/09-12/31/09 | $388.12 |

Witness the undersigned State Revenue Commissioner of Georgia on this date of          DECEMBER 13, 2010

*Bart L. Graham*
Bart L. Graham.
State Revenue Commissioner

| | | The State Revenue Commissioner can find no property of the |
|---|---|---|
| Principal | $287.00 | defendant on which to levy the within tax execution. |
| Interest | 22.96 | |
| Penalty | 13.48 | This ____ day of _____, _____ |
| Collection Fee | 64.68 | |
| Costs | 50.00 | |
| Total | $438.12 | |

Authorized Representative of the State Revenue Commissioner

Georgia, **Grady** County
Entered on General Execution Docket Book No. **48** Page No. **9** at **12:02** a.m. **p.m.**
This **10** day of **Jan**, **2011**.

*Staci Neumans dep.*
Clerk

https://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=16180100&key1=60&key2=214&county=65&countyname=GRADY&userid=645376&appid=3    1/1

Adm 1/39

38

PROBATE Georgia Probate Court
GRADY COU Standard Form
Filed in Office

PETITION FOR ORDER DECLARING NO ADMINISTRATION NECESSARY

____ Day of _____ , 19__

GEORGIA, __GRADY_____ COUNTY

To the Honorable Judge of the Probate Court of said State and County:

The Petition of _____ADDIE SIMMONS_____ , whose

mailing address is __336 Crescent Circle____ __Cairo__ __Grady__ __GA 31728__
                Street            City       County    State Zip

respectfully shows to the Court the following:

1.

__ROBERTA_____ __M.____ ___SIMMONS___ , whose legal
First           Middle        Last Name

residence was __336 Crescent Circle__ __Cairo__ __Grady__ __GA__
              Street        City      County    State

died intestate on ____June 10_____ , 19_92_ . Petitioner is an heir at law
of the deceased.

2.

Listed below are all of the deceased's heirs at law, all of whom are sui
juris, with the age, residence and relationship to the deceased set opposite the
name of each:

| NAME | AGE | RESIDENCE ADDRESS | RELATIONSHIP |
|------|-----|-------------------|--------------|
| Bobby Simmons | Over 18 | 336 Crescent Circle, Cairo, GA | Son |
| Addie Simmons | Over 18 | 336 Crescent Circle, Cairo, GA | Daughter |
| Terry Simmons | Over 18 | 334 Crescent Circle, Cairo, GA | Son |
| Cynthia Adams | Over 18 | Thompson Trailer Park, Cairo, GA | Daughter |

3.

The estate contains the following described personal property with the
following approximate valuation: (Include identifying account numbers, serial
numbers, etc., where applicable) Household furniture $500.00 approximate value
Personal effects.

Court Identification No.

Effective 1/86                    -1-

40                                                                                    40

4.

The estate contains the following described real property, with a value of approximately ___$30,500.00___ . (Insert complete legal description:)

> Lot NO. 14, in Block "A" of Crestview Heights Subdivision, a subdivision located in the southwestern part of the City of Cairo, Grady County, Georgia, according to a plat of survey of said subdivision as recorded in Plat Book 13, page 39, Clerk's Office, Grady Superior Court.  Reference to said plat is made for the purpose of making  same a part of this description.

5.

The estate of said deceased owes no debts
(If applicable, check one or both:)

_x_  A.  except that there is an outstanding security deed held by ___USDA/FmHA and Chemical Bank___ , who must be properly served in this matter unless such holder has consented in writing below to the Final Order.

_x_  B.  except to such creditor(s) as have consented in writing to the Final Order, as shown below. Citizens Bank

-2-

41

41

6.

The heirs at law have amicably agreed upon a division of the estate among themselves.

7.

To the knowledge of the petitioner, no other proceedings with respect to this estate are pending, or have been completed, in any other probate court in this state.

WHEREFORE, Petitioner prays that this honorable Court issue and publish citation as required by law in such matters, and that after the hearing in this matter, this Court grant an Order that no administration is necessary in this estate, all as provided by law.

Signature of Attorney (or
petitioner if pro se)
Address: P.O. Box 156
Cairo, GA   31728
Telephone Number: 912-377-2622

Signature of Attorney (or
petitioner if pro se)
Address:

Telephone Number:

GEORGIA, __GRADY_____ COUNTY

Personally appeared before me the undersigned petitioner(s) who on oath state(s) that the facts set forth in the foregoing application are true.

Petitioner  Addie Simmons
Residence Address: 336 Crescent Circle
Cairo, GA  31728
Telephone Number:

Petitioner
Residence Address:

Telephone Number:

Sworn to and subscribed before me, this _18_ day of _January_____

Clerk of Probate Court or Notary Public

## ORDER FOR CITATION

Upon reading and considering the foregoing Petition, IT IS ORDERED that citation issue thereon and be published as required by law, requiring all creditors and other parties at interest to show cause before this Court on the

-3-

42

42

first Monday in ___February___ next, at 10:00 A.M., why the prayers of the
Petitioner should not be granted as prayed, and an Order granted that no
administration is necessary in this estate.  Further Ordered that any security
deed holder who has not consented in writing to the Final Order be served
with a copy of the Petition, this Order, and the following Citation.

___1-18-94___
DATE

___Anne W. Edwards___
JUDGE OF THE PROBATE COURT


Georgia, ___Grady___ County Probate Court

TO WHOM IT MAY CONCERN:

___Addie Simmons_____ has petitioned for an
order finding that no administration is necessary on the estate of ___Roberta M. Simmons___
_____, deceased.  All creditors and all other interested
parties are, therefore, required to show cause on or before the first Monday in
___February___ next, at 10:00 a.m., why such order should not be granted.

All objections to the petition must be in writing, setting forth the grounds
of any such objections, and must be filed at or before the time stated in the
preceding sentence.

___1-18-94___
DATE

___Glinda B. Nixon___
CLERK OF THE PROBATE COURT


### RETURN OF SHERIFF

I do hereby certify that I have this day served _____
_____, holder of a security deed in this matter, with a
copy of the foregoing Petition, Order for Citation and Citation, this _____ day of
_____, 19____.


Deputy Sheriff, _____ County


-4-

43                                                                    43

## ACKNOWLEDGMENT OF SERVICE AND CONSENT

Each of the undersigned hereby acknowledges due and legal service of the foregoing Petition, waives copies of same and all further service and notice in this matter, and consents to the following Final Order declaring that no administration is necessary in the estate of ___Roberta M. Simmons___ deceased.

| Name | Relationship to Estate | Date |
|------|------------------------|------|
| Adelie Simmons | daughter | |
| Terry Simmons | Son | |
| Cynthia Adams | daughter | |
| Bobby Simmons Sr. | Son | |
| | | |
| | | |
| | | |
| | | |
| | | |

Security Deed Holder

USA-FARMERS HOME ADMINISTRATION

By _____

CREDITOR

By _____
CITIZENS BANK

-5-

44

44

## FINAL ORDER

GEORGIA, ___GRADY___ COUNTY

IN THE MATTER OF:                    )
                                     )
ESTATE OF                            )    RE:   PETITION OF ___Addie Simmons___
__Roberta  M. Simmons__         ,    )
DECEASED                             )          _____
                                     )          FOR ORDER DECLARING NO
                                              ADMINISTRATION NECESSARY

    A Petition stating that no administration is necessary on the above estate
has been filed by the above Petitioner. It appearing that the deceased died
intestate a resident of this county; that all of the heirs at law of said deceased
are of age and suffering under no disability; that the estate of said deceased
owes no debts, except to unsecured creditors, if any, who have consented in
writing to this order and to security deed holders, if any, who have consented or
been served in this matter; that citation was issued and published once in the
newspaper in this county in which sheriff's advertisements appear; and that no
written objections to the granting of an Order Declaring No Administration
Necessary in said estate have been filed within the time required by law; now,
therefore,

    IT IS ORDERED AND DECREED that No Administration is Necessary on the above
estate.

_February 7, 1994_
    DATE

JUDGE OF THE PROBATE COURT

SEAL
PROBATE COURT
OFFICIAL
GRADY COUNTY, GEORGIA

-6-

149    91

## RESTRICTIONS - CRESTVIEW HEIGHTS SUBDIVISION

GEORGIA, GRADY COUNTY:

The following minimum restrictions are placed on all lots in Crestview Heights Subdivision, a subdivision in the County of Grady, Georgia, a map or plat of which is recorded in the Office of Clerk of Superior Court, Grady County, Georgia, in Plat Book 13, Page 39 ; except Lots 1, 2, 21, 22, 23, 25, 26, 27 and 28 of Block "A" and Lots 1, 2 and 3 of Block "B" of said Crestview Heights Subdivision:

(1)  All lots, except the above excluded lots, in the tract shall be known and described as residential lots.  No structure shall be erected, altered, placed or permitted to remain on any residential building lot other than detached single family dwellings not to exceed two stories in height and a private garage for not more than two cars and the usual servants quarters.  Neither shall more than one such dwelling be erected on any one numbered lot in said tract.  However, more than one lot may be used for the erections of one single family dwelling.

(2)  No building shall be erected, altered, placed or permitted to remain on any building lot in this subdivision until the external design and location thereof have been approved in writing by a building committee composed of Annie Laurie Carlisle and W. T. Lowery.  However, if the Committee fails to approve or disapprove such design or location within 30 days after such plans have been submitted to it, then such approval will not be required; provided however, all houses or buildings approved by the Farmer's Home Administration for erecting on said lots shall be exempt from the Committee's approval.

(3)  No building shall be located on any residential building lot nearer than 40 feet to the front lot line nor nearer than 10 feet to any side street or side lot lines.  No detached garage or other out building shall be located nearer than 75 feet to the front lot line and shall not be located nearer than 6 feet to any side lot line.

(4)  No noxious or offensive trade or activity shall be carried on upon any residential lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

(5)  No trailer, basement, tent, shack, garage, bar or other outbuilding erected on any residential lot shall at any time be used as a residence temporarily or permanently, nor shall any structure of a temporary character be used as a residence.

(6)  No dwelling with a ground floor area of the main structure, exclusive of one story open porches and garages, less than 960 square feet in the case of one story structure nor less than 800 square feet in the case of a one and one-half story structure or two story structure shall be permitted on any residential lot.

LAW OFFICES OF
CARLISLE & CHASON
BOX 485
CAIRO, GA.

149

92

(7)   The covenants are to run with the land and shall be binding on all parties and all persons claiming under them.

(8)   If the parties hereto, or any of them or their heirs or assigns shall violate or attempt to violate any of the covenants herein it shall be lawful for any other person or persons owning any real property situated in said development or subdivision to prosecute a proceeding at law or in equity against the person or persons violating or attempting to violate any such covenants and either to prevent him or them from so doing or to recover damages or other dues for such violations.

(9)   Invalidation of any one of these covenants by judgment or court order shall in no wise effect any other provisions which shall remain in full force and effect.

This __28__ day of __February__, 1975.

P & B BUILDERS, INC.

By __W. T. Lewing__
Developer

LAW OFFICES OF
CARLISLE & CHASON
BOX 485
CAIRO, GA.

Filed & Recorded __MAR 3 1975__, _11 A._ M. Leland Harrison, Clerk

92



**Bankruptcy Party Search**
Sat Feb 20 12:54:42 2021
43 records found

**User:** pacerc2c
**Client:**
**Search:** Bankruptcy Party Search Name ADAMS, CYNTHIA Georgia Page: 1 sort: cs_date_term

| | Party Name | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | Adams, Cynthia Darlene (db) | gambke | 5:19-bk-50731 | 13 | 04/23/2019 | | |
| 2 | Adams, Cynthia LaVon (db) | gambke | 4:18-bk-42393 | 13 | 10/09/2018 | | |
| 3 | Adams, Cynthia Groover (db) | gambke | 1:90-bk-01942 | 13 | 02/12/1990 | 08/19/1991 | |
| 4 | Adams, Cynthia L. (pla) | gasbke | 3:92-ap-03019 | | 08/10/1992 | 09/29/1992 | Dismissed or Settled Without Entry of Judgment |
| 5 | Adams, Cynthia L. (db) | gasbke | 3:92-bk-30275 | 7 | 08/10/1992 | 08/26/1993 | Standard Discharge 03/26/1993 |
| 6 | Adams, Cynthia Groover (db) | gambke | 1:92-bk-71498 | 13 | 07/10/1992 | 10/15/1993 | |
| 7 | Adams, Cynthia Renee (db) | gasbke | 5:92-bk-50227 | 7 | 01/21/1992 | 11/05/1993 | Discharged 03/22/1993 |
| 8 | Adams, Cynthia Ann (db) | gambke | 1:93-bk-70511 | 7 | 07/26/1993 | 01/25/1994 | |
| 9 | Adams, Cynthia P. (db) | gambke | 3:94-bk-10629 | 7 | 03/17/1994 | 07/29/1994 | |
| 10 | Adams, Cynthia Lynn Rogers (db) | gasbke | 5:94-bk-50749 | 7 | 03/21/1994 | 09/13/1994 | Discharged 07/25/1994 |
| 11 | Adams, Cynthia L. (db) | gambke | 1:93-bk-62830 | 13 | 02/23/1993 | 11/15/1995 | |
| 12 | Adams, Cynthia L. (db) | gambke | 1:96-bk-75506 | 13 | 10/02/1996 | 03/06/1997 | |
| 13 | Adams, Cynthia L. (db) | gambke | 1:97-bk-63021 | 13 | 02/18/1997 | 05/28/1997 | |
| 14 | Adams, Cynthia Denise (db) | gasbke | 1:98-bk-64864 | 7 | 03/18/1998 | 06/29/1998 | Standard Discharge 06/29/1998 |
| 15 | Adams, Cynthia Leatrice (db) | gambke | 1:98-bk-63909 | 13 | 03/03/1998 | 11/06/1998 | |
| 16 | Adams, Cynthia (jdb) | gasbke | 6:94-bk-60644 | 13 | 11/30/1994 | 03/04/1999 | |
| 17 | Adams, Cynthia (db) | gambke | 4:99-bk-41289 | 7 | 06/16/1999 | 09/29/1999 | Standard Discharge 09/29/1999 |
| 18 | Adams, Cynthia L. (db) | gambke | 1:01-bk-73180 | 13 | 10/22/2001 | 04/22/2002 | Dismissed 01/13/2002 |
| 19 | Adams, Cynthia (db) | gambke | 1:03-bk-93078 | 13 | 03/19/2003 | 09/09/2003 | Dismissed 05/25/2003 |
| 20 | Adams, Cynthia P (db) | gambke | 1:01-bk-85967 | 13 | 09/25/2001 | 06/20/2003 | Dismissed for Other Reason 03/30/2003 |
| 21 | Adams, Cynthia A. (dft) | gasbke | 4:04-ap-04127 | | 12/13/2004 | 04/13/2005 | Dismissed or Settled Without Entry of Judgment |
| 22 | Adams, Cynthia A. (jdb) | gasbke | 4:04-bk-42763 | 7 | 09/14/2004 | 05/02/2005 | |
| 23 | Adams, Cynthia E. (db) | gasbke | 1:04-bk-14020 | 7 | 11/05/2004 | 06/16/2005 | Standard Discharge 02/28/2005 |
| 24 | Adams, Cynthia Loletta (db) | gasbke | 1:04-bk-80188 | 13 | 12/05/2004 | 11/03/2005 | Dismissed 09/23/2005 |
| 25 | Adams, Cynthia Ann (jdb) | gasbke | 1:05-bk-11775 | 13 | 05/27/2005 | 12/08/2005 | |
| 26 | Adams, Cynthia Elaine (db) | gambke | 1:05-bk-11529 | 7 | 07/22/2005 | 01/30/2006 | Standard Discharge 01/30/2006 |
| 27 | Adams, Cynthia Leatrice (db) | gasbke | 1:04-bk-69170 | 13 | 06/04/2004 | 01/25/2007 | Dismissed for Other Reason 09/21/2006 |
| 28 | Adams, Cynthia G. (dft) | gasbke | 3:06-ap-01094 | | 10/05/2006 | 04/06/2007 | Judgment Entered by Default |
| 29 | Adams, Cynthia R. (jdb) | gasbke | 1:04-bk-11767 | 13 | 05/24/2004 | 12/18/2008 | |
| 30 | Adams, Cynthia LaVon (db) | gambke | 5:05-bk-52657 | 13 | 07/05/2005 | 05/21/2009 | Standard Discharge 03/20/2009 |
| 31 | Adams, Cynthia A (db) | gasbke | 1:11-bk-10514 | 7 | 03/16/2011 | 07/28/2011 | Standard Discharge 07/25/2011 |
| 32 | Adams, Cynthia Lynn (db) | gambke | 1:12-bk-78579 | 7 | 11/14/2012 | 02/28/2013 | Standard Discharge 02/28/2013 |
| 33 | Adams, Cynthia L. (db) | gambke | 5:11-bk-51933 | 13 | 06/22/2011 | 06/07/2013 | Dismissed for failure to make plan payments 02/26/2013 |
| 34 | Adams, Cynthia LaVon (db) | gambke | 5:11-bk-51933 | 13 | 06/22/2011 | 06/07/2013 | Dismissed for failure to make plan payments 02/26/2013 |
| 35 | Adams, Cynthia Spain (jtdb) | gambke | 2:09-bk-24239 | 7 | 10/05/2009 | 01/17/2014 | Standard Discharge 02/09/2010 |
| 36 | Adams, Cynthia (db) | gambke | 7:09-bk-70009 | 13 | 01/05/2009 | 06/17/2014 | Standard Discharge 04/02/2014 |
| 37 | Adams, Cynthia Renee (db) | gambke | 3:15-bk-30304 | 7 | 03/19/2015 | 07/09/2015 | Standard Discharge 07/09/2015 |
| 38 | Adams, Cynthia L. (db) | gambke | 5:13-bk-51322 | 13 | 05/24/2013 | 02/16/2018 | Dismissed for failure to make plan payments 01/03/2018 |
| 39 | Adams, Cynthia LaVon (db) | gambke | 5:13-bk-51322 | 13 | 05/24/2013 | 02/16/2018 | Dismissed for failure to make plan payments 01/03/2018 |
| 40 | Adams, Cynthia (db) | gasbke | 1:14-bk-10232 | 13 | 02/06/2014 | 06/11/2018 | Standard Discharge 04/16/2018 |
| 41 | Adams, Cynthia (db) | gambke | 5:13-bk-52480 | 13 | 09/19/2013 | 08/20/2018 | Standard Discharge 07/10/2018 |
| 42 | Adams, Cynthia L. (db) | gasbke | 5:15-bk-50654 | 13 | 09/17/2015 | 01/07/2019 | Standard Discharge 10/30/2018 |
| 43 | Adams, Cynthia Pugh (db) | gambke | 1:19-bk-53598 | 7 | 03/05/2019 | 08/15/2019 | Standard Discharge 08/15/2019 |

**PACER Service Center**

**Receipt** 02/20/2021 12:54:48

**User** pacerc2c
**Client**
**Description** Bankruptcy Party Search
Name ADAMS, CYNTHIA Georgia Page: 1 sort: cs_date_term
You have previously been billed for this page.
**Pages** 1 ($0.00)

# U.S. Bankruptcy Court
## Northern District of Georgia (Rome)
## Bankruptcy Petition #: 18-42393-bem

|  |  |
|---|---|
| *Assigned to:* Judge Barbara Ellis-Monro | *Date filed:* 10/09/2018 |
| Chapter 13 | *Plan confirmed:* 02/04/2019 |
| Voluntary | *341 meeting:* 12/03/2018 |
| Asset | *Deadline for filing claims:* 12/18/2018 |
|  | *Deadline for filing claims (govt.):* 04/08/2019 |

**Debtor**
**Cynthia LaVon Adams**
9 Corinth Rd
Cartersville, GA 30121
BARTOW-GA
SSN / ITIN: xxx-xx-0623
*fka* **Cynthia LaVon Dixon**

represented by **Jeffrey B. Kelly**
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161
678-861-1127
Fax : 706-413-1365
Email: kellycourtnotices@gmail.com

**Trustee**
**Mary Ida Townson**
Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303
(404) 525-1110

| Filing Date | # | Docket Text |
|---|---|---|
| 10/09/2018 | 1 (61 pgs) | Voluntary Petition (Chapter 13) for Individual(s), Fee $ 80 Filed by Jeffrey B. Kelly of Law Office of Jeffrey B. Kelly, P.C. on behalf of Cynthia LaVon Adams. Government Proof of Claim due by 4/8/2019. (Kelly, Jeffrey) |
| 10/09/2018 | 2 (7 pgs) | Chapter 13 Plan with NO Certificate of Service filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (Kelly, Jeffrey) |
| 10/09/2018 | 3 | Statement of Social Security Number (Official Form B121) (Document is restricted and can only be viewed by Court staff.) filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (Kelly, Jeffrey) |
| 10/09/2018 | 4 (1 pg) | Credit Counseling Service Certificate filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (Kelly, Jeffrey) |
| 10/09/2018 | 5 (1 pg) | Payment Advices of Debtor, filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (Kelly, Jeffrey) |
| 10/09/2018 | 6 (1 pg) | Application to Pay Filing Fee in Installments filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (Kelly, Jeffrey) |
| 10/09/2018 | 7 | Receipt of Initial Docs01: Voluntary Petition (Chapter 13)(18-42393) [misc,1023aty] ( 80.00) filing fee. Receipt Number 49246411. Fee Amount 80.00 (re: Doc# 1) (U.S. Treasury) |
| 10/10/2018 | 8 (2 pgs) | Notice of Meeting of Creditors (Chapter 13) and Confirmation Hearing. 341 Meeting to be held on 12/03/2018 at 01:00 PM at 341 Meeting Room, Rome. Objections for Discharge due by 02/01/2019. Non-Government Proof of Claims due by 12/18/2018.Confirmation Hearing to be held on 01/16/2019 at |

| | | 09:30 AM at Courtroom 342, Rome. (related document(s) 2 Chapter 13 Plan filed by Cynthia LaVon Adams) If applicable, a hearing on the Allowance and Approval of Debtor's Counsel Attorney Fees will be held with the Confirmation Hearing. (Admin.) |
|---|---|---|
| 10/10/2018 | 9 (1 pg) | Certificate of Manner of Service of Initial Chapter 13 Plan pursuant to Bankruptcy Rule 7004, filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (related document(s)2) (Kelly, Jeffrey) |
| 10/10/2018 | 10 (1 pg) | Order Granting Application to Pay Filing Fee in Installments. Service by BNC. Entered on 10/10/2018. (related document(s)6) (gnh) |
| 10/10/2018 | 11 (1 pg) | Notice of Appearance Filed by Synchrony Bank. (PRA Receivables Management, LLC) |
| 10/12/2018 | 12 (2 pgs) | Certificate of Mailing by BNC of Order Granting Application to Pay Filing Fees Notice Date 10/12/2018. (Admin.) (Entered: 10/13/2018) |
| 10/12/2018 | 13 (4 pgs) | Certificate of Mailing by BNC of Notice of Meeting of Creditors Notice Date 10/12/2018. (Admin.) (Entered: 10/13/2018) |
| 10/12/2018 | 14 (9 pgs) | Certificate of Mailing by BNC of Chapter 13 Plan Notice Date 10/12/2018. (Admin.) (Entered: 10/13/2018) |
| 10/23/2018 | 15 (1 pg) | Notice of Appearance Filed by Capital One Auto Finance, a division of Capital One, N.A.. (AIS Portfolio Services) |
| 11/14/2018 | | Payment of Chapter 13 Installment Fee Filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (related document(s)1) (Kelly, Jeffrey) |
| 11/14/2018 | 16 | Receipt of Payment of Chapter 13 Installment Fee(18-42393-bem) [misc,207] ( 115.00) filing fee. Receipt Number 49546881. Fee Amount 115.00 (re: Doc# ) (U.S. Treasury) |
| 12/03/2018 | | Section 341(a) meeting held and concluded (mtb) (Entered: 12/07/2018) |
| 12/11/2018 | 17 (3 pgs) | Objection to Confirmation of Plan Filed by K. Edward Safir on behalf of Mary Ida Townson. (Safir, K.) |
| 12/13/2018 | 18 (10 pgs) | Chapter 13 Pre-Confirmation Plan Modification with Certificate of Service filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (related document(s)2) (Kelly, Jeffrey) |
| 12/13/2018 | | Payment of Chapter 13 Installment Fee Filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (related document(s)1) (Kelly, Jeffrey) |
| 12/13/2018 | 19 | Receipt of Payment of Chapter 13 Installment Fee(18-42393-bem) [misc,207] ( 115.00) filing fee. Receipt Number 49796388. Fee Amount 115.00 (re: Doc# ) (U.S. Treasury) |
| 12/20/2018 | 20 (6 pgs) | Amended Schedule H , Amended Summary of Assets and Liabilities with Statistical Information for Individual Debtor filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (Kelly, Jeffrey) |
| 12/20/2018 | 21 (7 pgs) | Amended Schedule C , Amended Summary of Assets and Liabilities with Statistical Information for Individual Debtor filed by Jeffrey B. Kelly on |

behalf of Cynthia LaVon Adams. (Kelly, Jeffrey)

| | | |
|---|---|---|
| 01/15/2019 | [22](#) (11 pgs) | Modification Statement with attached Chapter 13 Pre-Confirmation Plan Modification with Certificate of Service filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (related document(s)[2](#)) (Kelly, Jeffrey). Related document(s) [18](#) Chapter 13 - Pre-Confirmation Plan Modification or Amended Chapter 13 Plan. Modified on 1/17/2019 (gj). |
| 01/18/2019 | [23](#) (1 pg) | Notice to Debtor(s) Regarding Financial Management Certificate Due (ADIclerk). |
| 01/20/2019 | [24](#) (2 pgs) | Certificate of Mailing by BNC of Notice to Debtor Re: Financial Mgmt. Cert. Notice Date 01/20/2019. (Admin.) (Entered: 01/21/2019) |
| 02/01/2019 | [25](#) (2 pgs) | Trustee's Supplemental Report Requesting Confirmation. Order to follow. Filed by Sonya M. Buckley on behalf of Mary Ida Townson. (Buckley, Sonya) |
| 02/04/2019 | [26](#) (3 pgs; 2 docs) | Order Confirming Chapter 13 Plan. Service by BNC (jsc) |
| 02/06/2019 | [27](#) (4 pgs) | Certificate of Mailing by BNC of Order Confirming Chapter 13 Plan Notice Date 02/06/2019. (Admin.) (Entered: 02/07/2019) |
| 02/06/2019 | [28](#) (2 pgs) | Notice to Debtor Re: Domestic Support Obligations with certificate of service by BNC. Notice Date 02/06/2019. (Admin.) (Entered: 02/07/2019) |
| 06/20/2019 | [29](#) (1 pg) | Certification Regarding Review of Proof of Claims Filed by Jeffrey B. Kelly on behalf of Cynthia LaVon Adams. (Kelly, Jeffrey) |
| 06/04/2020 | [30](#) (1 pg) | Change of Address of OneMain for Notices and Payments filed by ONEMAIN FINANCIAL. (Bowers, Angela - OneMain) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/20/2021 12:59:23 | | |
| **PACER Login:** | pacerc2c:3648617:5018890 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 18-42393-bem Fil or Ent: filed From: 1/1/1989 To: 2/22/2021 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

2/20/2021    Case 15-10291    Doc 88    Filed 04/12/22 CM/ECF - U.S. Bankruptcy Court Entered 04/12/22 11:35:19    Desc Main
Document    Page 51 of 82

DebtEd, BAPCPAcase

# U.S. Bankruptcy Court
## Middle District of Georgia (Macon)
### Bankruptcy Petition #: 19-50731

*Date filed:* 04/23/2019
*Plan confirmed:* 06/27/2019
*341 meeting:* 05/21/2019

*Assigned to:* Judge Austin E. Carter
Chapter 13
Voluntary
Asset

**Debtor**
**Cynthia D Higgins**
213 White Rd
Byron, GA 31008
CRAWFORD-GA
SSN / ITIN: xxx-xx-5496
*aka* **Cynthia Darlene Higgins**
*aka* **Cynthia Darlene Adams**

represented by **Lisa Renee Williams**
1108 Washington Street
Suite A
Perry, GA 31069
478-988-0006
Fax : 478-988-0870
Email: lisawilliamspc@windstream.net

**Trustee**
**Camille Hope**
Office of the Chapter 13 Trustee
P.O. Box 954
Macon, GA 31202
478-742-8706

**U.S. Trustee**
**U.S. Trustee - MAC**
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201
478-752-3544

| Filing Date | # | Docket Text |
|---|---|---|
| 04/23/2019 | 1 (21 pgs) | Chapter 13 Voluntary Petition All schedules and statements have been filed. Fee Amount $110.00 filed by Cynthia D Higgins (Entered: 04/23/2019) |
| 04/23/2019 | 2 | Social Security Number (B121) filed by Debtor Cynthia D Higgins (Williams, Lisa) (Entered: 04/23/2019) |
| 04/23/2019 | 3 (40 pgs) | Schedules A-J, I hereby certify that no additional creditors or codebtors have been added since the filing of the original matrix, filed by Debtor Cynthia D Higgins (Williams, Lisa) (Entered: 04/23/2019) |
| 04/23/2019 | 4 (12 pgs) | Original Statement of Financial Affairs for Individual filed by Debtor Cynthia D Higgins (Williams, Lisa) (Entered: 04/23/2019) |
| 04/23/2019 | 5 (3 pgs) | Original Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years Form 122C-1. Disposable Income is not Determined, filed by Debtor Cynthia D Higgins (Williams, Lisa) (Entered: 04/23/2019) |
| 04/23/2019 | 6 | Application to Pay Filing Fee in Installments filed by Debtor Cynthia D |

| | | |
|---|---|---|
| | (1 pg) | Higgins (Williams, Lisa) (Entered: 04/23/2019) |
| 04/23/2019 | [7](#)<br>(1 pg) | Certificate of Credit Counseling filed by Debtor Cynthia D Higgins (Williams, Lisa) (Entered: 04/23/2019) |
| 04/23/2019 | [8](#)<br>(6 pgs) | Chapter 13 Plan. filed by Debtor Cynthia D Higgins (Williams, Lisa) (Entered: 04/23/2019) |
| 04/23/2019 | [9](#)<br>(6 pgs) | Employee Income Records or Affidavit of No Income filed by Debtor Cynthia D Higgins (Williams, Lisa) (Entered: 04/23/2019) |
| 04/23/2019 | | Receipt of Voluntary Petition (Chapter 13)(19-50731) [misc,volp13] ( 110.00) Filing Fee. Receipt number 15818732. Fee amount 110.00. (re:Doc# [1](#)) (U.S. Treasury) (Entered: 04/23/2019) |
| 04/23/2019 | [10](#)<br>(3 pgs; 2 docs) | Meeting of Creditors with 341(a) meeting to be held on 05/21/2019 at 10:30 AM at Macon 341(a) Meeting Room. Confirmation hearing to be held on 06/24/2019 at 01:30 PM at Macon Courtroom B. Proof of Claim due by 07/02/2019. Objection to Dischargeability of Certain Debts Due 07/22/2019. (Auto Docket, ) (Entered: 04/23/2019) |
| 04/24/2019 | [11](#)<br>(1 pg) | Order Granting Application To Pay Filing Fees In Installments. (Related Doc # [6](#)). Signed on 4/24/2019. Final Installment Payment due by 6/17/2019. (Baxley, Sandra) (Entered: 04/24/2019) |
| 04/26/2019 | [12](#)<br>(4 pgs) | BNC Certificate of Mailing (related document(s)[10](#) Meeting (AutoAssign Chapter 13)). No. of Notices: 28. Notice Date 04/26/2019. (Admin.) (Entered: 04/27/2019) |
| 04/26/2019 | [13](#)<br>(2 pgs) | BNC Certificate of Mailing (related document(s)[10](#) Meeting (AutoAssign Chapter 13)). No. of Notices: 1. Notice Date 04/26/2019. (Admin.) (Entered: 04/27/2019) |
| 04/26/2019 | [14](#)<br>(2 pgs) | BNC Certificate of Mailing (related document(s)[11](#) Order on Motion To Pay Filing Fees in Installments). No. of Notices: 1. Notice Date 04/26/2019. (Admin.) (Entered: 04/27/2019) |
| 04/26/2019 | [15](#)<br>(8 pgs) | BNC Certificate of Mailing (related document(s)[8](#) Chapter 13 Plan filed by Debtor Cynthia D Higgins). No. of Notices: 31. Notice Date 04/26/2019. (Admin.) (Entered: 04/27/2019) |
| 05/30/2019 | | Meeting of Creditors Held (Hope, Camille) (Entered: 05/30/2019) |
| 05/31/2019 | | Final Installment Payment/Filing Fee Paid in Full. Fee Amount $200.00 filed by Debtor Cynthia D Higgins (related document(s)[11](#) Order on Motion To Pay Filing Fees in Installments) (Williams, Lisa) (Entered: 05/31/2019) |
| 05/31/2019 | | Receipt of Final Installment Payment/Filing Fee Paid in Full(19-50731) [court,recfnlin] ( 200.00) Filing Fee. Receipt number 15921173. Fee amount 200.00. (re:Doc# ) (U.S. Treasury) (Entered: 05/31/2019) |
| 06/24/2019 | | Hearing Held, Plan is confirmable; Trustee to submit order (related document(s)[8](#) Chapter 13 Plan filed by Debtor Cynthia D Higgins). Order/Withdrawal Follow-up Due: 7/24/2019. (Vaughn, V.) (Entered: 06/25/2019) |
| 06/27/2019 | [16](#) | Original Trustee's Statistical Report of Embedded Motions Granted by |

| | | |
|---|---|---|
| | | Confirmation of the Plan filed by Camille Hope (Hope, Camille) (Entered: 06/27/2019) |
| 06/27/2019 | [17](4 pgs) | Order Confirming Chapter 13 Plan , Fees Awarded: $1800.00, Expenses Awarded: $0.00 to Lisa Renee Williams; Awarded on 6/28/2019 . Signed on 6/27/2019 (Gordon, L.) (Entered: 06/28/2019) |
| 06/30/2019 | [18](5 pgs) | BNC Certificate of Mailing (related document(s)[17] Order Confirming Chapter 13 Plan). No. of Notices: 1. Notice Date 06/30/2019. (Admin.) (Entered: 07/01/2019) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/20/2021 12:59:50 | | |
| **PACER Login:** | pacerc2c:3648617:5018890 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 19-50731 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# PACER
## Case Locator

**Bankruptcy Party Search**
Sat Feb 20 12:55:33 2021
25 records found

**User:** pacerc2c
**Client:**
**Search:** Bankruptcy Party Search Name SIMMONS, TERRY Georgia Page: 1 sort: cs_date_term

| | Party Name | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | Simmons, Terry Lee (db) | gambke | 1:19-bk-11373 | 13 | 12/03/2019 | | |
| 2 | Simmons, Terry R. (db) | gambke | 1:90-bk-10126 | 7 | 02/21/1990 | 08/29/1990 | Discharged 08/29/1990 |
| 3 | Simmons, Terry Rex (db) | gambke | 1:90-bk-10126 | 7 | 02/21/1990 | 08/29/1990 | Discharged 08/29/1990 |
| 4 | Simmons, Terry (db) | gambke | 1:90-bk-10126 | 7 | 02/21/1990 | 08/29/1990 | Discharged 08/29/1990 |
| 5 | Simmons, Terry Lester (db) | gambke | 7:90-bk-70671 | 7 | 11/30/1990 | 04/01/1991 | Discharged 03/29/1991 |
| 6 | Simmons, Terry (db) | gambke | 5:89-bk-50245 | 13 | 01/31/1989 | 10/30/1991 | Discharged 10/29/1991 |
| 7 | Simmons, Terry R. (db) | gambke | 1:98-bk-11505 | 7 | 10/09/1998 | 04/07/1999 | Discharged 01/14/1999 |
| 8 | Simmons, Terry Rex (db) | gambke | 1:98-bk-11505 | 7 | 10/09/1998 | 04/07/1999 | Discharged 01/14/1999 |
| 9 | Simmons, Terry (db) | gambke | 1:98-bk-11505 | 7 | 10/09/1998 | 04/07/1999 | Discharged 01/14/1999 |
| 10 | Simmons, Terry L. (db) | gambke | 5:95-bk-50403 | 13 | 02/09/1995 | 09/20/1999 | Discharged 09/01/1999 |
| 11 | Simmons, Terry (db) | gambke | 3:97-bk-30606 | 13 | 04/29/1997 | 07/12/2000 | Discharged 06/13/2000 |
| 12 | Simmons, Terry, Jr. (db) | gambke | 5:97-bk-51876 | 13 | 04/29/1997 | 05/15/2002 | Dismissed 10/30/2001 |
| 13 | Simmons, Terry L. (db) | gambke | 6:99-bk-60652 | 7 | 08/23/1999 | 09/22/2003 | Standard Discharge 08/20/2003 |
| 14 | Simmons, Terry L. (db) | gambke | 7:03-bk-71930 | 7 | 12/05/2003 | 03/31/2004 | Standard Discharge 03/31/2004 |
| 15 | Simmons, Terry Lester (db) | gambke | 7:03-bk-71930 | 7 | 12/05/2003 | 03/31/2004 | Standard Discharge 03/31/2004 |
| 16 | Simmons, Terry (db) | gambke | 7:03-bk-71930 | 7 | 12/05/2003 | 03/31/2004 | Standard Discharge 03/31/2004 |
| 17 | Simmons, Terry Lee (db) | gambke | 4:01-bk-41395 | 13 | 06/01/2001 | 03/29/2005 | Standard Discharge 03/01/2005 |
| 18 | Simmons, Terry Lee (db) | gasbke | 5:05-bk-50544 | 13 | 04/12/2005 | 09/25/2007 | Dismissed for failure to pay filing fee 05/23/2007 |
| 19 | Simmons, Terry Edward (db) | gasbke | 5:06-bk-50720 | 13 | 09/14/2006 | 08/29/2008 | Standard Discharge 06/17/2008 |
| 20 | Simmons, Terry L. (db) | ganbke | 2:09-bk-23803 | 7 | 09/10/2009 | 01/12/2010 | Standard Discharge 01/12/2010 |
| 21 | Simmons, Terry L. (db) | gambke | 4:13-bk-41102 | 7 | 11/26/2013 | 08/11/2014 | Dismissed for failure to make plan payments 05/14/2014 |
| 22 | Simmons, Terry Lee (db) | gambke | 4:14-bk-40493 | 13 | 05/23/2014 | 04/02/2015 | Dismissed for failure to make plan payments 01/12/2015 |
| 23 | Simmons, Terry, Jr. (db) | gambke | 5:14-bk-52816 | 7 | 11/19/2014 | 04/13/2015 | Standard Discharge 03/24/2015 |
| 24 | Simmons, Terry L. (db) | gambke | 4:15-bk-40187 | 7 | 03/04/2015 | 09/08/2015 | Standard Discharge 06/08/2015 |
| 25 | Simmons, Terry L. (db) | gambke | 5:17-bk-51660 | 7 | 08/03/2017 | 12/20/2017 | Standard Discharge 11/21/2017 |

**PACER Service Center**

**Receipt** 02/20/2021 12:55:38

| User | pacerc2c |
|---|---|
| Client | |
| Description | Bankruptcy Party Search |
| | Name SIMMONS, TERRY Georgia Page: 1 sort: cs_date_term |
| | You have previously been billed for this page. |
| Pages | 1 ($0.00) |

BAPCPAcase, REMARK

# U.S. Bankruptcy Court
## Middle District of Georgia (Albany)
## Bankruptcy Petition #: 19-11373

*Date filed:* 12/03/2019
*Plan confirmed:* 05/12/2020
*341 meeting:* 01/23/2020

*Assigned to:* Judge Austin E. Carter
Chapter 13
Voluntary
Asset

*Debtor*
**Terry Lee Simmons**
344 Crescent Circle S.W.
Cairo, GA 39828
GRADY-GA
SSN / ITIN: xxx-xx-8004

represented by **Ronald B. Warren**
Whitehurst, Blackburn, Warren and Kelley
809 South Broad Street
Thomasville, GA 31792
229-226-2161
Fax : 229-228-9014
Email: bankruptcy@wbwk.com

*Debtor*
**Patricia Ann Simmons**
344 Crescent Circle S.W.
Cairo, GA 39828
GRADY-GA
SSN / ITIN: xxx-xx-0549

represented by **Ronald B. Warren**
(See above for address)

*Trustee*
**Kristin Hurst**
Office of the Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31902-1907
706-327-4151
*TERMINATED: 09/30/2020*

*Trustee*
**Jonathan W. DeLoach**
Office of The Chapter 13 Trustee
P. O. Box 1907
Columbus, GA 31902
706-327-4151

*U.S. Trustee*
**U.S. Trustee - MAC**
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201
478-752-3544

| Filing Date | # | Docket Text |
|---|---|---|
| 12/03/2019 | 1 (53 pgs) | Chapter 13 Voluntary Petition All schedules and statements have been filed. Fee Amount $310 filed by Terry Lee Simmons, Patricia Ann Simmons (Entered: 12/03/2019) |

| 12/03/2019 | [2] | Social Security Number (01 21) filed by Patricia Ann Simmons, Terry Lee Simmons (Warren, Ronald) (Entered: 12/03/2019) |
| 12/03/2019 | | Receipt of Voluntary Petition (Chapter 13)(19-11373) [misc,volp13] ( 310.00) Filing Fee. Receipt number 16435287. Fee amount 310.00. (re:Doc# [1]) (U.S. Treasury) (Entered: 12/03/2019) |
| 12/03/2019 | [3]<br>(1 pg) | Certificate of Credit Counseling filed by Patricia Ann Simmons, Terry Lee Simmons (Warren, Ronald) (Entered: 12/03/2019) |
| 12/03/2019 | [4]<br>(1 pg) | Certificate of Credit Counseling filed by Patricia Ann Simmons, Terry Lee Simmons (Warren, Ronald) (Entered: 12/03/2019) |
| 12/03/2019 | [5]<br>(23 pgs) | Employee Income Records or Affidavit of No Income filed by Patricia Ann Simmons, Terry Lee Simmons (Warren, Ronald) (Entered: 12/03/2019) |
| 12/03/2019 | [6]<br>(1 pg) | Employee Income Records or Affidavit of No Income filed by Patricia Ann Simmons, Terry Lee Simmons (Warren, Ronald) (Entered: 12/03/2019) |
| 12/03/2019 | [7]<br>(6 pgs) | Chapter 13 Plan. filed by Patricia Ann Simmons, Terry Lee Simmons (Warren, Ronald) (Entered: 12/03/2019) |
| 12/03/2019 | [8]<br>(3 pgs; 2 docs) | Meeting of Creditors with 341(a) meeting to be held on 01/23/2020 at 02:30 PM at Albany 341a Meeting Room (Old Courthouse & Post Office). Confirmation hearing to be held on 03/10/2020 at 09:00 AM at Albany Courthouse. Proof of Claim due by 02/11/2020. Objection to Dischargeability of Certain Debts Due 03/23/2020. (Auto Docket, ) (Entered: 12/03/2019) |
| 12/04/2019 | [9]<br>(6 pgs) | Chapter 13 Plan *signed document*. filed by Patricia Ann Simmons, Terry Lee Simmons (Warren, Ronald) (Entered: 12/04/2019) |
| 12/05/2019 | [10]<br>(1 pg) | Notice of Withdrawal filed by Patricia Ann Simmons, Terry Lee Simmons (related document(s)[7] Chapter 13 Plan) (Warren, Ronald) (Entered: 12/05/2019) |
| 12/06/2019 | [11]<br>(3 pgs) | BNC Certificate of Mailing (related document(s)[8] Meeting (AutoAssign Chapter 13)). No. of Notices: 13. Notice Date 12/06/2019. (Admin.) (Entered: 12/07/2019) |
| 12/06/2019 | [12]<br>(2 pgs) | BNC Certificate of Mailing (related document(s)[8] Meeting (AutoAssign Chapter 13)). No. of Notices: 1. Notice Date 12/06/2019. (Admin.) (Entered: 12/07/2019) |
| 12/06/2019 | [13]<br>(7 pgs) | BNC Certificate of Mailing (related document(s)[7] Chapter 13 Plan filed by Debtor Terry Lee Simmons, Debtor Patricia Ann Simmons). No. of Notices: 13. Notice Date 12/06/2019. (Admin.) (Entered: 12/07/2019) |
| 12/08/2019 | [14]<br>(7 pgs) | BNC Certificate of Mailing (related document(s)[9] Chapter 13 Plan filed by Debtor Terry Lee Simmons, Debtor Patricia Ann Simmons). No. of Notices: 13. Notice Date 12/08/2019. (Admin.) (Entered: 12/09/2019) |
| 12/12/2019 | [15]<br>(2 pgs) | **Notice of Appearance and Request for Notice** by Andrea Lynn Betts filed by Creditor New Residential Mortgage Loan Trust 2017-3 (Betts, Andrea) (Entered: 12/12/2019) |
| 12/24/2019 | [16] | Personal Financial Management Course Certificate For Debtor Terry |

| | | |
|---|---|---|
| | (1 pg) | Simmons Provided by Sage Personal Finance, 1-800-516-2759. (Entered: 12/24/2019) |
| 12/24/2019 | [17](#) (1 pg) | Personal Financial Management Course Certificate For Joint Debtor Patricia Simmons Provided by Sage Personal Finance, 1-800-516-2759. (Entered: 12/24/2019) |
| 01/13/2020 | [18](#) (2 pgs) | **Notice of Appearance and Request for Notice** by Lisa F. Caplan filed by Creditor New Residential Mortgage Loan Trust 2017-3 (Caplan, Lisa) (Entered: 01/13/2020) |
| 01/27/2020 | 19 | Meeting of Creditors Held (Hurst, Kristin) (Entered: 01/27/2020) |
| 01/31/2020 | [20](#) (2 pgs) | Objection to Confirmation of Plan filed by Creditor 1st Franklin Financial Corporation (Osmus, Karl) (Entered: 01/31/2020) |
| 01/31/2020 | [21](#) (4 pgs) | Trustee's Objection to Confirmation of Chapter 13 Plan . (Hurst, Kristin) (Entered: 01/31/2020) |
| 02/17/2020 | [22](#) (3 pgs) | Notice of Postpetition Mortgage Fees, Expenses and Charges (Claim #24) filed by Creditor New Residential Mortgage Loan Trust 2017-3 (Betts, Andrea) (Entered: 02/17/2020) |
| 03/10/2020 | [23](#) (13 pgs) | Amended Schedules DEF,, Fee Amount $31 filed by Patricia Ann Simmons, Terry Lee Simmons (Warren, Ronald) (Entered: 03/10/2020) |
| 03/10/2020 | | Receipt of Amended Schedules(19-11373) [misc,amdschs] ( 31.00) Filing Fee. Receipt number 16695331. Fee amount 31.00. (re:Doc# [23](#)) (U.S. Treasury) (Entered: 03/10/2020) |
| 03/10/2020 | [24](#) (11 pgs) | First Modified Ch 13 Plan Prior to Confirmation with Notice ,and Request for Lien Avoidance. filed by Patricia Ann Simmons, Terry Lee Simmons (related document(s)[9](#) Chapter 13 Plan) (Warren, Ronald) (Entered: 03/10/2020) |
| 03/10/2020 | | Hearing Continued (related document(s)[7](#) Chapter 13 Plan filed by Debtor Terry Lee Simmons, Debtor Patricia Ann Simmons, [9](#) Chapter 13 Plan filed by Debtor Terry Lee Simmons, Debtor Patricia Ann Simmons, [20](#) Objection to Confirmation of the Plan filed by Creditor 1st Franklin Financial Corporation, [21](#) Trustee's Objection to Confirmation of Plan (batch), [24](#) Modified Ch 13 Plan Prior to Confirmation filed by Debtor Terry Lee Simmons, Debtor Patricia Ann Simmons). Confirmation hearing to be held on 4/14/2020 at 09:00 AM at Albany Courthouse. (Vaughn, V.) (Entered: 03/11/2020) |
| 04/14/2020 | | Hearing Held. Plan is confirmable. Trustee to submit order. Order/Withdrawal Follow-up Due: 5/14/2020. (Vaughn, V.) (Entered: 04/14/2020) |
| 04/20/2020 | [25](#) (6 pgs; 2 docs) | Notice of Mortgage Payment Change as related to claim number 24 filed by Creditor New Residential Mortgage Loan Trust 2017-3 (Attachments: # [1](#) Exhibit)(Caplan, Lisa) (Entered: 04/20/2020) |
| 04/24/2020 | [26](#) (3 pgs) | Notice of Postpetition Mortgage Fees, Expenses and Charges (Claim #24) filed by Creditor New Residential Mortgage Loan Trust 2017-3 (Betts, Andrea) (Entered: 04/24/2020) |

| | | |
|---|---|---|
| 05/11/2020 | 27 | Original Trustee's statistical Report of Embedded Motions Granted by Confirmation of the Plan filed by Kristin Hurst (Hurst, Kristin) (Entered: 05/11/2020) |
| 05/12/2020 | 28 (2 pgs) | Order Confirming Chapter 13 Plan , Fees Awarded: $3250.00, Expenses Awarded: $0.00 to Ronald B. Warren; Awarded on 5/12/2020 . Signed on 5/12/2020 (Gordon, L.) (Entered: 05/12/2020) |
| 05/14/2020 | 29 (2 pgs) | Creditor Request for Notices filed by Creditor Americredit Financial Services, Inc. Dba GM Financial (Youngblood, Mandy) (Entered: 05/14/2020) |
| 05/14/2020 | 30 (3 pgs) | BNC Certificate of Mailing (related document(s)28 Order Confirming Chapter 13 Plan). No. of Notices: 1. Notice Date 05/14/2020. (Admin.) (Entered: 05/15/2020) |
| 05/15/2020 | 31 (3 pgs) | Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 180 days. Certificate of Service Filed. filed by Creditor New Residential Mortgage Loan Trust 2017-3 (Betts, Andrea) (Entered: 05/15/2020) |
| 06/19/2020 | 32 (6 pgs) | Motion for Relief from Stay Fee Amount $181, filed by Creditor Americredit Financial Services, Inc. Dba GM Financial Hearing scheduled for 07/15/2020 at 10:00 AM - Albany Courthouse. (Rubin, Philip) (Entered: 06/19/2020) |
| 06/19/2020 | | Receipt of Motion for Relief From Stay(19-11373) [motion,mrlfsty] ( 181.00) Filing Fee. Receipt number 16928725. Fee amount 181.00. (re:Doc# 32) (U.S. Treasury) (Entered: 06/19/2020) |
| 06/22/2020 | 33 (3 pgs) | Objection to Claim 2 of Claimant W.S. Badcock Corp. in the amount of $444.02 Objections due by 7/22/2020 plus an additional 3 (three) days if served by mail. filed by Kristin Hurst Hearing scheduled for 08/04/2020 at 2:00 PM - Albany Courthouse. Court to hold submitted order for review until 07/27/2020. (Hurst, Kristin) (Entered: 06/22/2020) |
| 06/22/2020 | 34 (3 pgs) | Objection to Claim 1 of Claimant W.S. Badcock Corp. in the amount of $970.54 Objections due by 7/22/2020 plus an additional 3 (three) days if served by mail. filed by Kristin Hurst Hearing scheduled for 08/04/2020 at 2:00 PM - Albany Courthouse. Court to hold submitted order for review until 07/27/2020. (Hurst, Kristin) (Entered: 06/22/2020) |
| 07/13/2020 | 35 (4 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: OneMain Financial (Claim No. 6) To Portfolio Recovery Associates, LLC Fee Amount $25 filed by Creditor PRA Receivables Management LLC (Hardy, Carol) (Entered: 07/13/2020) |
| 07/13/2020 | | Receipt of Transfer of Claim(19-11373) [claims,trclm] ( 25.00) Filing Fee. Receipt number 16973017. Fee amount 25.00. (re:Doc# 35) (U.S. Treasury) (Entered: 07/13/2020) |
| 07/15/2020 | 36 (1 pg) | Hearing continued with Order of Continuance (related document(s)32 Motion for Relief From Stay filed by Creditor Americredit Financial Services, Inc. Dba GM Financial). Hearing scheduled for 8/5/2020 at 10:00 AM at Albany Courthouse (Vaughn, V.) (Entered: 07/16/2020) |
| 07/16/2020 | 37 | BNC Certificate of Mailing (related document(s)35 Transfer of Claim filed |

| | | |
|---|---|---|
| | (2 pgs) | by Creditor PRA Receivables Management LLC). No. of Notices: 0. Notice Date 07/16/2020. (Admin.) (Entered: 07/17/2020) |
| 07/17/2020 | [39](#)<br>(2 pgs) | Consent Order Granting Motion For Relief From Stay Filed by Americredit Financial Services Inc (Related Doc # [32](#)) Signed on 7/17/2020. (Ferguson, L) (Entered: 07/20/2020) |
| 07/18/2020 | [38](#)<br>(2 pgs) | BNC Certificate of Mailing (related document(s)[36](#) Hearing Continued Relief From Stay and or Relief from Co Debtor Stay With Order). No. of Notices: 1. Notice Date 07/18/2020. (Admin.) (Entered: 07/19/2020) |
| 07/22/2020 | [40](#)<br>(3 pgs) | BNC Certificate of Mailing (related document(s)[39](#) Order on Motion For Relief From Stay). No. of Notices: 1. Notice Date 07/22/2020. (Admin.) (Entered: 07/23/2020) |
| 07/28/2020 | [41](#)<br>(1 pg) | Claims Order Designating Claim Number 2 of Creditor W.S. Badcock Corporation as unsecured for the purpose of distribution; (related document(s)[33](#) Trustees Objection to Claim. Signed on 7/28/2020. (Bryan, M.) (Entered: 07/28/2020) |
| 07/28/2020 | [42](#)<br>(1 pg) | Claims Order Designating Claim Number 1 of Creditor W.S. Badcock Corporation as unsecured for the purpose of distribution; (related document(s)[34](#) Trustees Objection to Claim. Signed on 7/28/2020. (Bryan, M.) (Entered: 07/28/2020) |
| 07/30/2020 | [43](#)<br>(2 pgs) | BNC Certificate of Mailing (related document(s)[41](#) Claims Order). No. of Notices: 1. Notice Date 07/30/2020. (Admin.) (Entered: 07/31/2020) |
| 07/30/2020 | [44](#)<br>(2 pgs) | BNC Certificate of Mailing (related document(s)[42](#) Claims Order). No. of Notices: 1. Notice Date 07/30/2020. (Admin.) (Entered: 07/31/2020) |
| 10/06/2020 | [45](#)<br>(2 pgs) | Joint Interim Statement for Transferred Case . Jonathan W. DeLoach, as successor Standing Trustee, is substituted for Kristin Hurst. (DeLoach, Jonathan) (Entered: 10/06/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/20/2021 12:56:01 | | |
| **PACER Login:** | pacerc2c:3648617:5018890 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 19-11373 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |



**Bankruptcy Party Search**
Sat Feb 20 12:56:30 2021
17 records found

**User:** pacerc2c
**Client:**
**Search:** Bankruptcy Party Search Name SIMMONS, BOBBY Georgia Page: 1

| | Party Name ▼ | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | Simmons, Bobby, Sr. (db) | gambke | 1:18-bk-10198 | 13 | 02/15/2018 | | |
| 2 | Simmons, Bobby, Jr. (db) | gasbke | 4:08-bk-41759 | 7 | 09/23/2008 | 11/29/2010 | Standard Discharge 11/22/2010 |
| 3 | Simmons, Bobby, Jr. (db) | ganbke | 1:10-bk-90894 | 7 | 10/15/2010 | 11/07/2013 | Standard Discharge 11/07/2013 |
| 4 | Simmons, Bobby Stephen (db) | gambke | 3:11-bk-32028 | 7 | 12/09/2011 | 03/22/2012 | Standard Discharge 03/22/2012 |
| 5 | Simmons, Bobby, Sr. (db) | gambke | 6:04-bk-60120 | 13 | 02/05/2004 | 05/09/2006 | Dismissed  11/28/2005 |
| 6 | Simmons, Bobby, Jr. (db) | gambke | 1:02-bk-91499 | 13 | 02/11/2002 | 12/21/2005 | Standard Discharge 09/03/2005 |
| 7 | Simmons, Bobby R. (db) | gambke | 5:92-bk-51281 | 7 | 04/17/1992 | 08/03/1992 | Discharged  07/29/1992 |
| 8 | Simmons, Bobby Lee (db) | ganbke | 1:09-bk-76033 | 13 | 06/23/2009 | 11/28/2012 | Standard Discharge 11/14/2012 |
| 9 | Simmons, Bobby (db) | gambke | 5:99-bk-54060 | 13 | 10/22/1999 | 09/08/2000 | Standard Discharge 08/09/2000 |
| 10 | Simmons, Bobby Jerome (db) | ganbke | 1:12-bk-56433 | 13 | 03/08/2012 | 12/12/2017 | Standard Discharge 11/15/2017 |
| 11 | Simmons, Bobby Jerome (db) | ganbke | 1:11-bk-70155 | 13 | 07/09/2011 | 02/23/2012 | Dismissed for failure to make plan payments 02/02/2012 |
| 12 | Simmons, Bobby (db) | gambke | 6:92-bk-60225 | 7 | 06/24/1992 | 10/29/1992 | Discharged  10/29/1992 |
| 13 | Simmons, Bobby (db) | gambke | 5:95-bk-50772 | 7 | 03/17/1995 | 08/11/1995 | Discharged  08/11/1995 |
| 14 | Simmons, Bobby, Jr. (db) | ganbke | 1:09-bk-10325 | 13 | 02/20/2009 | 05/09/2011 | Dismissed for failure to make plan payments 12/14/2010 |
| 15 | Simmons, Bobby (db) | ganbke | 1:92-bk-70822 | 7 | 06/30/1992 | 08/20/1996 | |
| 16 | Simmons, Bobby Bernard (db) | ganbke | 1:17-bk-68942 | 13 | 10/31/2017 | 01/26/2018 | Dismissed for failure to make plan payments 01/12/2018 |
| 17 | Simmons, Bobby Bernard (db) | ganbke | 1:17-bk-68942 | 13 | 10/31/2017 | 01/26/2018 | Dismissed for failure to make plan payments 01/12/2018 |

**PACER Service Center**
**Receipt** 02/20/2021 12:56:31 2387844
**User** pacerc2c
**Client**
**Description** Bankruptcy Party Search
Name SIMMONS, BOBBY Georgia Page: 1
**Pages** 1 ($0.10)

## U.S. Bankruptcy Court
## Middle District of Georgia (Albany)
## Bankruptcy Petition #: 18-10198

*Date filed:* 02/15/2018
*Plan confirmed:* 09/14/2018
*341 meeting:* 03/16/2018

*Assigned to:* Judge Austin E. Carter
Chapter 13
Voluntary
Asset

**Debtor**
**Bobby Simmons, Sr.**
289 Waldrop Avenue
Whigham, GA 39897
GRADY-GA
SSN / ITIN: xxx-xx-0247

represented by **Ronald B. Warren**
Whitehurst, Blackburn, Warren and
Kelley
809 South Broad Street
Thomasville, GA 31792
229-226-2161
Fax : 229-228-9014
Email: bankruptcy@wbwk.com

**Trustee**
**Kristin Hurst**
Office of the Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31902-1907
706-327-4151
*TERMINATED: 09/30/2020*

**Trustee**
**Jonathan W. DeLoach**
Office of The Chapter 13 Trustee
P. O. Box 1907
Columbus, GA 31902
706-327-4151

**U.S. Trustee**
**U.S. Trustee - MAC**
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201
478-752-3544

| Filing Date | # | Docket Text |
|---|---|---|
| 02/15/2018 | 1<br>(65 pgs) | Chapter 13 Voluntary Petition All schedules and statements have been filed. Fee Amount $310 filed by Bobby Simmons Sr. (Entered: 02/15/2018) |
| 02/15/2018 | 2 | Social Security Number (B121) filed by Debtor Bobby Simmons Sr. (Warren, Ronald) (Entered: 02/15/2018) |
| 02/15/2018 | 3<br>(2 pgs) | Disclosure of Compensation of Attorney for Debtor filed by Debtor Bobby Simmons Sr. (Warren, Ronald) (Entered: 02/15/2018) |
| 02/15/2018 | 4<br>(3 pgs; 2 docs) | Meeting of Creditors with 341(a) meeting to be held on 03/16/2018 at 12:30 PM at Albany 341a Meeting Room (Old Courthouse & Post Office). |

| | | |
|---|---|---|
| | | Confirmation hearing to be held on 05/15/2018 at 09:00 AM at Albany Courthouse. Proof of Claim due by 04/26/2018. Objection to Dischargeability of Certain Debts Due 05/15/2018. (Auto Docket, ) (Entered: 02/15/2018) |
| 02/16/2018 | [5](#) (2 pgs) | Court's Notice Regarding the Following Deficient Filings: chapter 13 plan, employee income records, certificate of credit counseling. Deficient Filings or Request for Hearing due by 3/2/2018. (Penix, S.) (Entered: 02/16/2018) |
| 02/16/2018 | [6](#) (8 pgs) | Chapter 13 Plan and Request for Valuation of Security and Request for Lien Avoidance. filed by Debtor Bobby Simmons Sr. (Warren, Ronald) (Entered: 02/16/2018) |
| 02/16/2018 | [7](#) (1 pg) | Certificate of Credit Counseling filed by Debtor Bobby Simmons Sr. (Warren, Ronald) (Entered: 02/16/2018) |
| 02/16/2018 | [8](#) (1 pg) | Employee Income Records or Affidavit of No Income filed by Debtor Bobby Simmons Sr. (Warren, Ronald) (Entered: 02/16/2018) |
| 02/18/2018 | [9](#) (3 pgs) | BNC Certificate of Mailing (related document(s)[4](#) Meeting (AutoAssign Chapter 13)). No. of Notices: 3. Notice Date 02/18/2018. (Admin.) (Entered: 02/19/2018) |
| 02/18/2018 | [10](#) (2 pgs) | BNC Certificate of Mailing (related document(s)[4](#) Meeting (AutoAssign Chapter 13)). No. of Notices: 1. Notice Date 02/18/2018. (Admin.) (Entered: 02/19/2018) |
| 02/18/2018 | [11](#) (3 pgs) | BNC Certificate of Mailing (related document(s)[5](#) Court's Notice of Deficient Filings). No. of Notices: 1. Notice Date 02/18/2018. (Admin.) (Entered: 02/19/2018) |
| 02/19/2018 | [12](#) (2 pgs) | Application to Pay Filing Fee in Installments filed by Debtor Bobby Simmons Sr. (Warren, Ronald) (Entered: 02/19/2018) |
| 02/20/2018 | [13](#) (1 pg) | Order Granting Application To Pay Filing Fees In Installments. (Related Doc # [12](#)). Signed on 2/20/2018. Final Installment Payment due by 5/15/2018. (Thiel, J.) (Entered: 02/20/2018) |
| 02/20/2018 | | Receipt of Voluntary Petition (Chapter 13)(18-10198) [misc,volp13] ( 310.00) Filing Fee. Receipt number DEFER. Fee amount 310.00. (re:Doc# [1](#)) (Stripling) (Entered: 02/20/2018) |
| 02/22/2018 | [14](#) (2 pgs) | BNC Certificate of Mailing (related document(s)[13](#) Order on Motion To Pay Filing Fees in Installments). No. of Notices: 1. Notice Date 02/22/2018. (Admin.) (Entered: 02/23/2018) |
| 03/19/2018 | | Receipt of Chapter 13 Installment Filing Fee - $100.00 by AS. Receipt Number 101293. (Auto) (Entered: 03/19/2018) |
| 03/20/2018 | 15 | Meeting of Creditors Held (Hurst, Kristin) (Entered: 03/20/2018) |
| 03/29/2018 | [16](#) (4 pgs) | Objection to Confirmation of Plan filed by Creditor Ally Financial Inc. (Leo, Vanessa) (Entered: 03/29/2018) |
| 05/10/2018 | | Receipt of Chapter 13 Installment Filing Fee - $110.00 by LF. Receipt Number 101351. (Auto) (Entered: 05/10/2018) |

| | | |
|---|---|---|
| 05/15/2018 | | Hearing Continued (related document(s)6 Chapter 13 Plan filed by Debtor Bobby Simmons, 16 Objection to Confirmation of the Plan filed by Creditor Ally Financial Inc.). Confirmation hearing to be held on 6/5/2018 at 09:00 AM at Albany Courthouse. (Vaughn, V.) (Entered: 05/15/2018) |
| 05/16/2018 | 17 (1 pg) | Order to Show Cause for Dismissal of Case for Failure to pay $100.00 filing fees (related document(s)12 Application to Pay Filing Fees in Installments. Request for show cause hearing due by 6/6/2018. Signed on 5/16/2018 (Huellemeier, M.) (Entered: 05/16/2018) |
| 05/18/2018 | 18 (2 pgs) | BNC Certificate of Mailing (related document(s)17 Order to Show Cause for Dismissal of Case). No. of Notices: 1. Notice Date 05/18/2018. (Admin.) (Entered: 05/19/2018) |
| 05/25/2018 | 19 (9 pgs) | Modified Ch 13 Plan Prior to Confirmation with Notice . filed by Debtor Bobby Simmons Sr. (related document(s)6 Chapter 13 Plan) (Warren, Ronald) (Entered: 05/25/2018) |
| 05/25/2018 | | Receipt of Chapter 13 Final Installment Filing Fee - $100.00 by AS. Receipt Number 101361. (Auto) (Entered: 05/25/2018) |
| 06/05/2018 | | Hearing Continued (related document(s)6 Chapter 13 Plan filed by Debtor Bobby Simmons, 16 Objection to Confirmation of the Plan filed by Creditor Ally Financial Inc.). Confirmation hearing to be held on 7/17/2018 at 09:00 AM at Albany Courthouse. (Vaughn, V.) (Entered: 06/07/2018) |
| 07/17/2018 | | Hearing Continued (related document(s)6 Chapter 13 Plan filed by Debtor Bobby Simmons, 16 Objection to Confirmation of the Plan filed by Creditor Ally Financial Inc.). Confirmation hearing to be held on 8/21/2018 at 09:00 AM at Albany Courthouse. (Vaughn, V.) (Entered: 07/19/2018) |
| 08/03/2018 | 20 (4 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: ONEMAIN (Claim No. 6) To Portfolio Recovery Associates, LLC Fee Amount $25 filed by Creditor PRA Receivables Management, LLC (Hardy, Carol) (Entered: 08/03/2018) |
| 08/03/2018 | | Receipt of Transfer of Claim(18-10198) [claims,trclm] ( 25.00) Filing Fee. Receipt number 15080452. Fee amount 25.00. (re:Doc# 20) (U.S. Treasury) (Entered: 08/03/2018) |
| 08/09/2018 | 21 (2 pgs) | BNC Certificate of Mailing (related document(s)20 Transfer of Claim filed by Creditor PRA Receivables Management, LLC). No. of Notices: 0. Notice Date 08/09/2018. (Admin.) (Entered: 08/10/2018) |
| 08/21/2018 | | Hearing Held. Plan is confirmable. Trustee to submit order. Order/Withdrawal Follow-up Due: 9/20/2018. (Thiel, J.) (Entered: 08/22/2018) |
| 09/14/2018 | 22 | Original Trustee's Statistical Report of Embedded Motions Granted by Confirmation of the Plan filed by Kristin Hurst (Hurst, Kristin) (Entered: 09/14/2018) |
| 09/14/2018 | 23 (2 pgs) | Order Confirming Chapter 13 Plan , Fees Awarded: $3250.00, Expenses Awarded: $0.00 to Ronald B. Warren; Awarded on 9/14/2018 . Signed on 9/14/2018 (Thiel, J.) (Entered: 09/14/2018) |
| 09/19/2018 | 24 | BNC Certificate of Mailing (related document(s)23 Order Confirming |

| | | |
|---|---|---|
| | (3 pgs) | Chapter 13 Plan) No. of Notices: 1. Notice Date 09/19/2018. (Admin.) (Entered: 09/20/2018) |
| 03/04/2019 | [25](3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Ally Financial (Claim No. 5) To Portfolio Recovery Associates, LLC Fee Amount $25 filed by Creditor PRA Receivables Management, LLC (Hardy, Carol) (Entered: 03/04/2019) |
| 03/04/2019 | | Receipt of Transfer of Claim(18-10198) [claims,trclm] ( 25.00) Filing Fee. Receipt number 15672770. Fee amount 25.00. (re:Doc# [25]) (U.S. Treasury) (Entered: 03/04/2019) |
| 03/07/2019 | [26](2 pgs) | BNC Certificate of Mailing (related document(s)[25] Transfer of Claim filed by Creditor PRA Receivables Management, LLC). No. of Notices: 0. Notice Date 03/07/2019. (Admin.) (Entered: 03/08/2019) |
| 10/05/2020 | [27](2 pgs) | Joint Interim Statement for Transferred Case . Jonathan W. DeLoach, as successor Standing Trustee, is substituted for Kristin Hurst. (DeLoach, Jonathan) (Entered: 10/05/2020) |
| 11/06/2020 | [28](3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: SFC Central Bankruptcy (Claim No. 2) To Tea Olive, LLC Fee Amount $25 filed by Creditor Tea Olive, LLC (Quiogue, Manuel) (Entered: 11/06/2020) |
| 11/06/2020 | [29](3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: SFC Central Bankruptcy (Claim No. 3) To Tea Olive, LLC Fee Amount $25 filed by Creditor Tea Olive, LLC (Quiogue, Manuel) (Entered: 11/06/2020) |
| 11/06/2020 | | Receipt of Transfer of Claim(18-10198) [claims,trclm] ( 25.00) Filing Fee. Receipt number 17217263. Fee amount 25.00. (re:Doc# [28]) (U.S. Treasury) (Entered: 11/06/2020) |
| 11/06/2020 | | Receipt of Transfer of Claim(18-10198) [claims,trclm] ( 25.00) Filing Fee. Receipt number 17217263. Fee amount 25.00. (re:Doc# [29]) (U.S. Treasury) (Entered: 11/06/2020) |
| 11/11/2020 | [30](3 pgs) | BNC Certificate of Mailing (related document(s)[28] Transfer of Claim filed by Creditor Tea Olive, LLC). No. of Notices: 0. Notice Date 11/11/2020. (Admin.) (Entered: 11/12/2020) |
| 11/11/2020 | [31](3 pgs) | BNC Certificate of Mailing (related document(s)[29] Transfer of Claim filed by Creditor Tea Olive, LLC). No. of Notices: 0. Notice Date 11/11/2020. (Admin.) (Entered: 11/12/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/20/2021 12:56:53 | | | |
| **PACER Login:** | pacerc2c:3648617:5018890 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 18-10198 Fil or Ent: filed Doc From: 0 Doc To: 99999999 |

| | | | Item: included Headers: included Format: html Page counts for documents: included |
|---|---|---|---|
| **Billable Pages:** | 3 | **Cost:** | 0.30 |



**Bankruptcy Party Search**
Sat Feb 20 12:57:25 2021
7 records found

**User:** pacerc2c
**Client:**
**Search:** Bankruptcy Party Search Name SIMMONS, ADDIE Georgia Page: 1

| | Party Name ▼ | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | Simmons, Addie Mae (pla) | gambke | 1:21-ap-01001 | | 01/21/2021 | | |
| 2 | Simmons, Addie R. (db) | gambke | 5:95-bk-52499 | 7 | 08/10/1995 | 01/12/1996 | Discharged 12/01/1995 |
| 3 | Simmons, Addie (db) | ganbke | 1:86-bk-07777 | 7 | 10/16/1986 | 03/11/1987 | |
| 4 | Simmons, Addie Mae (db) | gambke | 1:15-bk-10291 | 13 | 03/10/2015 | | Standard Discharge 12/07/2020 |
| 5 | Simmons, Addie R. (db) | gambke | 5:94-bk-50120 | 13 | 01/12/1994 | 12/15/1995 | |
| 6 | Simmons, Addie (db) | gambke | 1:02-bk-62908 | 13 | 03/15/2002 | 09/05/2002 | Dismissed for Other Reason 06/14/2002 |
| 7 | Simmons, Addie (db) | ganbke | 1:85-bk-01747 | 13 | 04/05/1985 | 09/16/1986 | |

**PACER Service Center**

| | | **Receipt** 02/20/2021 12:57:25 2387879 |
|---|---|---|
| **User** | pacerc2c | |
| **Client** | | |
| **Description** | Bankruptcy Party Search | |
| | Name SIMMONS, ADDIE Georgia Page: 1 | |
| **Pages** | 1 ($0.10) | |



**Bankruptcy Party Search**
Sat Feb 20 12:58:21 2021
1 record found

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **User:** | pacerc2c | | | | | | |
| **Client:** | | | | | | | |
| **Search:** | Bankruptcy Party Search Name GARLAND, CURTIS Georgia Page: 1 | | | | | | |

| Party Name ▼ | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|
| 1   Garland, Curtiss Lee (db) | ganbke | 3:94-bk-10954 | 13 | 04/29/1994 | 11/15/1994 | |

**PACER Service Center**

| | | Receipt 02/20/2021 12:58:23 2387913 |
|---|---|---|
| **User** | pacerc2c | |
| **Client** | | |
| **Description** | Bankruptcy Party Search | |
| | Name GARLAND, CURTIS Georgia Page: 1 | |
| **Pages** | 1 ($0.10) | |

qPublic.net™ Grady County, GA



Overview

Legend
☐ Parcels
— Roads



| | | Owner | GARLAND CURTIS | Last 2 Sales | | | |
|---|---|---|---|---|---|---|---|
| Parcel ID | C0150017 | | 336 CRESCENT CIRCLE SW | Date | Price | Reason | Qual |
| Class Code | Residential | | CAIRO, GA 39828 | 12/19/2000 | $3600 | UI | U |
| Taxing District | CAIRO | Physical Address | 336 CRESCENT CIRCLE SW | 7/5/2000 | 0 | UI | U |
| Acres | 0.28 | Assessed Value | Value $53592 | | | | |

(Note: Not to be used on legal documents)

Date created: 2/20/2021
Last Data Uploaded: 2/19/2021 9:12:27 PM

Developed by Schneider
GEOSPATIAL



FAIRFIELD

RESTRICTED RESIDENTIAL SUBDIVISION

CAIRO, GA.

W. H. TYSON          F. W. SCHINKEL
DEVELOPER            SURVEYOR



# CRESTVIEW HEIGHTS SUB.

A plot of

Located in Land Lot 60 & 61, 18th Land District
Cairo        Grady    County        Georgia
July 11, 1974              Scale 1" = 100'
Owners: The Bracewell Co., et als.

## Certificate of Ownership and Dedication

We herein certify that We are the owner(s) of the property herein and that We hereby dedicate this planned subdivision with our free consent, establish the minimum building restriction line and dedicate to public all ways and the parks and other open spaces to private use as noted.

Mayor:

Chairman of Planning Commission:
City Manager:
City Clerk:
Date Approval:

BLOCK "A"

27

28

3rd ST. S.W. (60')

BLOCK "B"

1

ST. (60')

Platted Sept 10, 1975 DW5



BLOCK "A"
BLOCK "B"
BLOCK "C"
BLOCK "D"
CRESCENT CIRCLE (60')
CRESTWOOD DRIVE (60')
3rd ST. S.W. (60')
CHURCH ST. (60')
Park Area
20' Sanitary Sewer Easement
Prepared by Steenslond and Wheat, Inc. - Dothan, Alabama
Southern Terrace Estates Plat Book 2 p 40
Block 3 CAIRO ANNEX DB 1 p 310
Block 4 CAIRO ANNEX DB 1 p 310
Filed & Recorded MAR 3 1975
Leland Harrison, Clerk Superior
13/39
13

GRADY COUNTY GEORGIA
FILED IN OFFICE

95 JUL -3 PM 2:37

ANNETTE H. ALRED
CLERK OF SUPERIOR COURT

— — 87

J. PATRICK WARD
Attorney at Law
P. O. Box 618
Cairo, GA   31728

### QUITCLAIM DEED

## STATE OF GEORGIA, GRADY COUNTY:

THIS INDENTURE, made this 21st day of June, 1995, between BOBBY SIMMONS, TERRY SIMMONS, and CYNTHIA ADAMS, of the one part, and ADDIE SIMMONS, of the second part:

WITNESSETH: That the said Party of the First Part, for and in consideration of the sum of LOVE AND AFFECTION, receipt of which is acknowledged, hath bargained and sold and by these presents does bargain, give and forever quitclaim unto the said Party of the Second Part, her heirs and assigns, all of the following described property:

Lot No. 14 in Block "A" of CRESTVIEW HEIGHTS SUBDIVISION, a subdivision located in the southwestern part of the City of Cairo, Grady County, Georgia, according to a plat of survey of said subdivision as recorded in Plat Book 13, page 39, Clerk's Office, Grady Superior Court. Reference to said plat and the delineations contained thereon is made for the purpose of incorporating the same as a part of this description for all necessary purposes.

The Grantors and the Grantee herein are all of the heirs of Roberta M. Simmons, deceased, and who act by virtue of that certain order declaring no administration necessary dated February 7, 1994, issued by Anne W. Edwards, Judge of the Probate Court of Grady County, Georgia, and recorded in proceedings number 1136 Docket "F", pages 39-44.

Forever relinquishing all rights, title, claim or demand in and to the above described lands, improvements and appurtenances to the said Party of the Second Part, her heirs and assigns, in fee simple.

IN WITNESS WHEREOF, the said BOBBY SIMMONS, TERRY SIMMONS and CYNTHIA ADAMS have hereunto set their hands and affixed their seals on the day and year first above written.

GRADY COUNTY GEORGIA
REAL ESTATE TRANSFER TAX

Paid $ —0—
Date JUL -3 1995
Delores Kirvin, deputy
Clerk of Superior Court

_Bobby Simmons_                    (SEAL)
(BOBBY SIMMONS)

_Terry Simmons_                    (SEAL)
(TERRY SIMMONS)

_Cynthia Adams_                    (SEAL)
(CYNTHIA ADAMS) also known as:
Cynthia Adams Gardner

LOFTISS,
VAN HEININGEN
& WARD
ATTORNEYS AT LAW
96 FIRST AVENUE, N.E.
P.O. BOX 618
CAIRO, GEORGIA 31728
(912)377-3890
FAX (912)377-2048

Signed, sealed and delivered in the presence of:

_J Patrick Ward_

_Sadie W. Varley_
NOTARY PUBLIC: Grady County, Georgia
My Commission Expires: 1-3-96

RECORDED
Book 363 Page 87

EXHIBIT C

88

J. PATRICK WARD
Attorney at Law
P. O. Box 618
Cairo, GA      31728

GRADY COUNTY GEORGIA
FILED IN OFFICE

95 JUL -3 PM 2:37

ASHELIE H. ALRED
CLERK OF SUPERIOR COURT

## WARRANTY DEED OF GIFT

### STATE OF GEORGIA, GRADY COUNTY.

THIS INDENTURE, made and entered into this 26th day of June,
in the year of our Lord, One Thousand Nine Hundred and Ninety-five,
between ADDIE SIMMONS, of the one part, and CURTIS GARLAND, of the
other part.

WITNESSETH: That the Party of the First Part, for and in
consideration of the sum of LOVE AND AFFECTION and other good and
valuable consideration, in hand paid, the receipt whereof is hereby
acknowledged, hath granted, given and conveyed unto the said CURTIS
GARLAND, his heirs and assigns, all the tract or parcel of land
situate, lying and being in the County of Grady, State of Georgia,
as follows:

All of an undivided one-half interest in and to the following
described property:

Lot No. 14 in Block "A" of CRESTVIEW HEIGHTS
SUBDIVISION, a subdivision located in the southwestern
part of the City of Cairo, Grady County, Georgia,
according to a plat of survey of said subdivision as
recorded in Plat Book 13, page 39, Clerk's Office, Grady
Superior Court. Reference to said plat and the
delineations contained thereon is made for the purpose of
incorporating the same as a part of this description for
all necessary purposes.

WHICH TRACT or parcel of land the said ADDIE SIMMONS will well
and truly warrant and defend from the claim of all persons
whomsoever, unto the said CURTIS GARLAND, his heirs and assigns,
forever in fee simple.

IN TESTIMONY WHEREOF, the said ADDIE SIMMONS hath hereunto set
her hand and seal the day and year above written.

_Addie Simmons_                    (SEAL)
(ADDIE SIMMONS)

Signed, sealed and delivered
in the presence of:

_____

NOTARY PUBLIC: Grady County, Georgia
My Commission Expires: 4-2-96
(Affix Seal)

LOFTISS,
VAN HEININGEN
& WARD
ATTORNEYS AT LAW
26 FIRST AVENUE, N.E.
P.O. BOX 619
CAIRO, GEORGIA 31728
(912) 377-3380
FAX (912) 377-2048

GRADY COUNTY GEORGIA
REAL ESTATE TRANSFER TAX
Paid $  -0-
Date  JUL -3 1995
_Addie Kirus, deputy_
Clerk of Superior Court

### RECORDED
Book 363 Page

88

EXHIBIT D

CITY MARSHALL TAX DEED

## GEORGIA, GRADY COUNTY BOOK 507 PAGE 333

Whereas, __KEITH P. SANDEFUR, JR._____, the City Marshall of City of Cairo, did, on the
__10TH__ day of __APRIL, 2000_____ XXXX, levy a writ of fieri facias, issued by
City Clerk of the City of Cairo, of said county, against __ADDIE SIMMONS & CURTIS GARLAND_____
for City taxes for the year 1999 XXX, upon that certain tract, parcel and lot of land, and the improvements, in said City of
Cairo, State of Georgia, to-wit:

__MAP 4, BLOCK 36, LOT 14 (C15-17) OF THE__

__CITY OF CAIRO, GEORGIA TAX MAPS__

__AS REVISED AUGUST 12, 1992__

__(IMPROVED PROPERTY)__

__336 CRESCENT CIRCLE S.W.__

levied upon as the property of __ADDIE SIMMONS & CURTIS GARLAND_____ and after due and
legal publication (as required by law) being made in the Cairo Messenger, a newspaper published in said City of Cairo, of
the sale of said tract, parcel and lot of land as above described, to satisfy the tax fieri facias aforesaid, the said City Marshall
proceeded on the __5TH__ day of __JULY, 2000__ XXX the same being a day of sale, for the sale of the
same according to law, at the door of the City Hall in said city when said property was then offered for sale, and
__TERRY PRINCE_____ being then and there the highest bidder at and for the sum of
__THREE THOUSAND   ($3,000.00)_____ Dollars and __NO/100 – – – – – __ cents, the said property
was then and there knocked off to __TERRY PRINCE_____

Now, this indenture, made and entered into this the __5TH_____ day of __JULY, 2000__ XXXX
between __KEITH P. SANDEFUR, JR.__, City Marshall, aforesaid, of the City of Cairo, of the one part, and
__TERRY PRINCE_____ of the other part.

Witnesseth, that for and in consideration of the sum of __
THREE THOUSAND   ($3,000.00)_____ Dollars, and __NO/100 – – – – __cents, cash to him in hand
paid by said __TERRY PRINCE_____
at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, the said City
Marshall __KEITH P. SANDEFUR, JR.__, aforesaid, has granted, bargained, and sold and doth by
these presents grant, bargain and sell unto the said __TERRY PRINCE_____

heirs and assigns (so far as the office of City Marshall authorizes him to sell), all that tract, parcel and lot of land in said
City of Cairo, and the improvements thereon as above described.

To have and to hold the above premises unto the __TERRY PRINCE_____
_____, the said __PURCHASER AFORESAID, HIS__
_____ heirs and assigns, in as full and ample a manner as the
same was held and possessed by the said __ADDIE SIMMONS & CURTIS GARLAND_____
when the said property was levied upon and sold.

IN WITNESS WHEREOF, the said __KEITH P. SANDEFUR, JR._____ Marshall, of the City of Cairo
hath hereunto set his hand and affixed his seal, the day and year first above written.

Signed, sealed and delivered in the presence of:

_City Marshall of the City of Cairo_

Notary Public, Grady County, Georgia
MARTHA FAYE LEWIS
NOTARY PUBLIC
GEORGIA-GRADY COUNTY
MY COMMISSION EXPIRES DEC 22, 2002

GRADY COUNTY GEORGIA
REAL ESTATE TRANSFER TAX
Paid $ 0
Date JUL 14 2000
Clerk of Superior Court





BOOK **507** PAGE **335**

To all singular S— of — and — es of said County:

You are commanded, that of the goods and chattels, if any be found, otherwise of the lands and tenements of party named below, you make by levy and sale thereof the sum of $ _____ . for State — City _____ Tax for the year 1999 with _____ date at the highest legal _____ by law, per annum from said date, renewed that the minimum of total payment on such unpaid taxes shall be _____ in law and legally provides cost, and you are hereby required to return this Writ to me, with your actings and doings thereon, and the sums aforesaid within the time prescribed by law. Herein fail not. Given under my hand this ____ day of _____ year 2000

10th April

Matte Faye Lewis _____ T.C. , W.C.

FILED MORTGAGE _____ DAY OF _____ '9 _____ COLLECTED _____ DAY OF _____ 19 _____

EXHIBIT E

BOOK 513 PAGE 411

GRADY COUNTY GEORGIA
IN OFFICE

QUIT CLAIM DEED

00 DEC 19 PM 1:41

STATE OF GEORGIA GRADY COUNTY.

ANNETTE H. ALRED
CLERK OF SUPERIOR COURT

THIS INDENTURE, made this 19th day of December, 2000 between TERRY PRINCE of the first part, and CURTIS GARLAND of the second part:

WITNESSETH, That the said parties of the first part, for and in consideration of the sum of ten dollars and other valuable consideration receipt of which is hereby acknowledged, has bargained and sold and by these presents does bargain, sell and forever quit claim unto the said party of the second part its heirs, and assigns, all of the following described lands:

All that tract or parcel of land situate, lying and being in the County of Grady State of Georgia, as follows:  Lot 14 in Block [A] of Crestview Heights Subdivision, a subdivision located in the southwestern part of the City of Cairo Grady County, Georgia, according to a plat of survey of said subdivision as recorded in Plat Book 13, Page 39, Clerk[]s Office, Grady Superior Court. Reference to said plat and the delineations contained thereon is made for the purpose of incorporating the same as a part of this description and for all necessary purposes.

It is the purpose of this deed to evidence the redemption of this property from that certain Keith P. Sandefur, Jr., the City Marshall of the City of Cairo, to Terry Prince recorded in Deed Book 507, Page 333, Grady County Land Records.

First Family Financial Services of Georgia, Inc., and its successors and assigns, a prior lien holder on this property, redeemed this property for the sum of $3600.00 in the name of the Grantee herein, and is entitled to a lien in that amount pursuant to O.C.G.A. Section 48-4-43.

Forever relinquishing all rights, title, claim or demand in and to the above described lands, improvements and appurtenances to the said party of the second part, his heirs and assigns, in fee simple.

IN WITNESS WHEREOF, the said TERRY PRINCE has here unto set her hand and affixed his seal on the day and year first above written.

Terry Prince                    (Seal)
TERRY PRINCE

Signed, sealed and delivered in the presence of:

Witness

Notary Public,
State of Georgia

Exp 10/16/04

GRADY COUNTY GEORGIA
REAL ESTATE TRANSFER TAX
Paid $ 3.60
Date DEC 19 2000
Annette H. Alred
Clerk of Superior Court

**EXHIBIT F**

DEED
BOOK 664 PAGE 158

GRADY COUNTY, GEORGIA
FILED IN OFFICE

2007 NOV 30 AM 8: 53

SUPERIOR/STATE/JUVENILE
CLERK OF COURT

GRADY COUNTY, GEORGIA
GEORGIA INTANGIBLE TAX PAID

$ 51.00

DATE 11-30-07

ANNETTE H. ALRED, CLERK

After recording return to:
CITIFINANCIAL SERVICES,
INC.
1428 REMINGTON AVE STE 6
THOMASVILLE    GA  31792

## SECURITY DEED

THIS DEED is made this    27th    day of    November    , 2007, between the Grantor,
CURTIS GARLAND

(herein "Borrower"),

and the Grantee,    CITIFINANCIAL SERVICES, INC.    ,
a corporation organized and existing    under the laws of    Georgia
whose address is    1428 REMINGTON AVE STE 6    THOMASVILLE    GA  31792
(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $  16,840.04 which indebtedness is
evidenced by Borrower's note dated 11/27/2007 and extensions and renewals thereof (herein "Note"), providing for
monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on
01/10/2023 ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment
of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure
Debt; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby grant and
convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the
County of    GRADY, State of Georgia:

SEE EXHIBIT A

which has the address of    336 CRESCENT CIRCLE SW    ,    CAIRO    ,
Georgia    39828    (herein "Property Address");

TO HAVE AND TO HOLD such property unto Lender and Lender's successors and assigns forever, together with
all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of
which shall be deemed to be and remain a part of the property covered by this Deed; and all of the foregoing, together with
said property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and
convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to
encumbrances of record.

GA 25685-5  6/98    **Original (Recorded)**    Copy (Branch)    Copy (Customer)    Page 1 of 4

CURTIS GARLAND   ADDIE SIMMONS       DEED
BOOK  **664** PAGE **159**              11/27/2007

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior security deed, mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Deeds to Secure Debt; Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold. If this Deed is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

GA 25685-5 6/98       **Original (Recorded)**   Copy (Branch)   Copy (Customer)        Page 2 of 4

CURTIS GARLAND   ADDIE SIMMONS        DEED
BOOK   664 PAGE  160                      11/27/2007

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed, but does not execute the Note, (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed. In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Deed. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Deed without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums secured by this Deed, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may invoke the power of sale herein granted (and Borrower hereby appoints Lender the agent and attorney-in-fact for Borrower to exercise said power of sale) and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale at one or more parcels and in such order as Lender may determine. Lender or Lender's designee may purchase the Property at any sale.

Lender shall deliver to the purchaser Lender's deed to the Property in fee simple and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed; and (c) the excess, if any, to the person or persons legally entitled thereto. The power and agency hereby granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of said indebtedness as provided by law.

If the Property is sold pursuant to this paragraph 17, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

BOOK      PAGE

CURTIS GARLAND   ADDIE SIMMONS                                          11/27/2007

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed or (ii) entry of a judgment enforcing this Deed if: (a) Borrower pays Lender all sums which would be then due under this Deed and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Deed, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed shall continue unimpaired. Upon such payment and cure by Borrower, this Deed and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed, Lender shall cancel this Deed without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

**22. Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**23. Deed to Secure Debt.** This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

**24. Bankruptcy.** In the event of Borrower's bankruptcy, Lender may include interest on its claim at the rate of interest prevailing under the Note.

**25. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 25, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 25, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR SECURITY
DEEDS, MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any security deed, mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Deed to give Notice to Lender, at Lender's address set forth on page one of this Security Deed, with a copy to P. O. Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, BORROWER has executed and sealed this Deed.

Signed, sealed and delivered
in the presence of:

_____        _Curtis Garland_____ -Borrower

_____        _____ -Borrower

Notary Public _Laura M Mizle_ County, _Thomas_

GA 25685-5  6/98                                                        Page 4 of 4

Original (Recorded)    Copy (Branch)    Copy (Customer)
(Space Below This Line Reserved For Lender and Recorder)

DEED
BOOK   6 6 4 PAGE   1 6 2

## EXHIBIT A

THE FOLLOWING DESCRIBED LANDS: ALL THAT TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE COUNTY OF GRADY STATE OF GEORGIA, AS FOLLOWS: LOT 14 IN BLOCK A OF CRESTVIEW HEIGHTS SUBDIVISION, A SUBDIVISION LOCATED IN THE SOUTHWESTERN PART OF THE CITY OF CAIRO GRADY COUNTY, GEORGIA, ACCORDING TO A PLAT OF SURVEY OF SAID SUBDIVISION AS RECORDED IN PLAT BOOK 13, PAGE 39, CLERKS OFFICE, GRADY SUPERIOR COURT, REFERENCE TO SAID PLAT AND THE DELINEATIONS CONTAINED THEREON IS MADE FOR THE PURPOSE OF INCORPORATING THE SAME AS A PART OF THIS DESCRIPTION AND FOR ALL NECESSARY PURPOSES.

BEING THE SAME FEE SIMPLE PROPERTY CONVEYED BY QUIT CLAIM DEED FROM  TERRY PRINCE    TO CURTIS  GARLAND    , DATED 12/19/2000 RECORDED ON 12/19/2000 IN BOOK 513, PAGE 411 IN GRADY County RECORDS, STATE OF GA.